UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

                           Plaintiffs,

-v-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

                           Defendants.
------------------------------------------------------------X

Case No.:

Class Action Complaint

12 CV 7178

JUDGE BRICCETTI

## NATURE OF THE ACTION

1.    Plaintiffs Gustavo Cardenas, Justino Vargas, Salvatore Vargas, and Ruben Lira (herein after collectively referred to as "Plaintiffs") allege on behalf of themselves and on behalf of other similarly situated current and former employees of Defendants AAA Carting and Rubbish Removal Corp, Pasquale Cartalemi, Pasquale Cartalemi, Jr. and Angelo Cartalemi, in their official and personal capacities (hereinafter referred to as "Defendants") and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law, (ii) to recover unpaid prevailing wages owed to Plaintiffs and those whom are similarly situated and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201

1

*et seq.*, because Defendants' violations were willful.

2. Plaintiffs further complain, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages and liquidated damages from Defendants for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations New York Codes, Rules and Regulations ("NYCRR") § 142-2.2 and § 142-2.4.

3. Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of Defendants, pursuant to Fed.R.Civ.P. 23 and Article 9 of the New York Civil Practice Law and Rules, that they are entitled to back wages from Defendants for Defendants' willful failure to pay under § 230 of the New York Labor Law.

## **JURISDICTION**

4. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. 1367 over all state law claims brought in this action.

5. The statute of limitations under the FLSA for willful violations is three (3) years. 29 U.S.C. § 255(a).

6. The statute of limitations under the New York Labor Law is six years. N.Y. Labor Law § 198(3).

7. All acts in this action took place within Westchester County.

8. Defendants do business in the State of New York, within the Southern District of New York, maintaining a place of business at 701 N Division Street, Peekskill, NY 10566-2201.

9. Accordingly, this action properly lies in the Southern District of New York,

pursuant to 28 U.S.C. §1391.

## THE PARTIES

7. The plaintiff, Gustavo Cardenas, is a resident of the County of Westchester, State of New York.

8. At all times relevant to the complaint, plaintiff, Gustavo Cardenas, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for defendants.

9. Cardenas was employed by the defendants from in or about January 2011 to July 2012 as a driver.

10. The plaintiff, Justino Naranjo Vargas, is a resident of the County of Westchester, State of New York.

11. At all times relevant to the complaint, plaintiff Justino Naranjo Vargas was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for defendants.

12. That Justino Naranjo Vargas was employed by the defendants from in or about December 2011 until in or about July 2012 as a helper.

13. The plaintiff, Salvatore Naranjo Vargas, is a resident of the County of Westchester, State of New York.

14. At all times relevant to the complaint, plaintiff Salvatore Naranjo Vargas was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for defendants.

15. That the plaintiff, Salvatore Naranjo Vargas, was employed by the defendants

from in or about July 2011 to July 2012 as a helper.

16. Plaintiff Ruben Nava ("Nava"), is a resident of the County of Westchester, State of New York.

17. At all times relevant to the complaint, plaintiff Ruben Nava was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2) performing intrastate work for defendants.

18. Plaintiff Nava was employed by the defendants from in or about June 2012 to July 2012 as a helper.

19. Upon information and belief, defendant, AAA Carting Rubbish and Removal, was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

20. Upon information and belief, defendant, AAA Carting Rubbish and Removal's principal place of business was and still is at 701 N Division Street, Peekskill, NY 10566-2201.

21. Upon information and belief, and at all times hereinafter mentioned, the defendant, AAA Carting Rubbish and Removal Corp., was and still is engaged in the sanitation business.

22. Upon information and belief, the defendant, AAA Carting Rubbish and Removal Corp., was and still is doing business as AAA Carting.

23. At all times hereinafter mentioned, defendant, AAA Carting Rubbish and Removal Corp., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N. Y. Lab. Law § 190(3).

24. Upon information and belief, and at all times hereinafter mentioned, the defendant, Pasquale Cartalemi and Pasquale Cartalemi, Jr., own and/or operate and/or are

4

shareholders of the defendant, AAA Carting Rubbish and Removal Corp.

25. Upon information and belief, and at all times hereinafter mentioned, the defendants, Angelo Cartalemi, is the vice president and a supervisor of the defendant, AAA Carting Rubbish and Removal Corp.

26. Upon information and belief, and at all times hereinafter mentioned, the defendant, Angelo Cartalemi, is a shareholder of the defendant, AAA Carting Rubbish and Removal.

27. Upon information and belief, and at all times hereinafter mentioned, the defendant, Angelo Cartalemi, is a corporate officer of the defendant, AAA Carting Rubbish and Removal.

28. Upon information and belief, and at all times hereinafter mentioned, the defendant, Pasquale Cartalemi, is the Chief Executive Officer of the defendant, AAA Carting Rubbish and Removal.

29. Upon information and belief, and at all times hereinafter mentioned, the defendant, Angelo Cartalemi, is an agent of the defendant, AAA Carting Rubbish and Removal.

30. Upon information and belief, and at all times hereinafter mentioned, the defendants, had and have the authority over personnel decisions for the defendant, AAA Carting Rubbish and Removal.

31. Upon information and belief, and at all times hereinafter mentioned, the defendants, have and had the authority over payroll decisions for the defendant, AAA Carting Rubbish and Removal Corp.

32. Upon information and belief, and at all times hereinafter mentioned, the defendants have and had the authority to hire and fire employees for the defendant, AAA

Carting Rubbish and Removal.

33. Defendants had and have the power to make binding decisions for defendant, AAA Carting Rubbish and Removal Corp.

34. At all times hereinafter mentioned, the activities of the defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

35. At all times hereinafter mentioned, defendants employed employees, including the plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g),(i),(j),(r)&(s)(A)(i).

36. At all times hereinafter mentioned, defendants' annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

37. Plaintiff, Gustavo Cardenas, was an employee of the defendants employed in the non-exempt position as driver, working under their direct supervision.

38. Upon information and belief, the individual defendants and the corporate defendant hired Cardenas, set wage rates and method of payment for Cardenas, set hours of work for Cardenas, had the authority to hire, fire and discipline Cardenas and generated and maintained employment records. The individual defendants set all policies regarding Cardenas's working conditions.

39. Plaintiff, Gustavo Cardenas, worked approximately 54 to 60 hours in most

6

workweeks in which he was employed by the defendants. He worked Monday through Saturday between before 2 a.m. and after 1 pm and was paid approximately $20 per hour for straight time pay. He was paid in check and in cash.

40. At all times hereinafter mentioned, plaintiff, Gustavo Cardenas, was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

41. Defendants failed to compensate the plaintiff, Gustavo Cardenas, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1*12)* times his regular hourly rate, throughout the entire term of his employment with the defendants. Defendants have also failed to remit to Cardenas his final paycheck.

42. Plaintiff, Justino Naranjo Vargas, was an employee of the defendants, working as a non-exempt helper under their direct supervision.

43. Upon information and belief, the individual defendants and the corporate defendant hired Justino Naranjo Vargas, set wage rates and method of payment for Justino Naranjo Vargas, set hours of work for Justino Naranjo Vargas, had the authority to hire, fire and discipline Justino Naranjo Vargas and generated and maintained employment records. The individual defendants set all policies regarding Justino Naranjo Vargas's working conditions.

44. Plaintiff, Justino Naranjo Vargas, worked between 48 and 54 hours in most workweeks in which he was employed by the defendants. He worked Monday through Saturday. His shift was between before 11 pm until after 6 am and changed during his tenure to between before 4 pm and until after 7 am was paid $120 per shift daily route. He did not receive the premium overtime rate. He was paid by check. He was required to clean truck for an hour after it returned to the yard for which he was not compensated.

45. At all times hereinafter mentioned, plaintiff, Justino Naranjo Vargas, was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

46. Defendants failed to compensate the plaintiff, Justino Naranjo Vargas, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

47. Plaintiff, Salvatore Naranjo Vargas, was an employee of the defendants, working as non-exempt helper under their direct supervision.

48. Upon information and belief, the individual defendants and the corporate defendant hired Salvatore Naranjo Vargas, set wage rates and methods of payment for Salvatore Naranjo Vargas, set hours of work for Salvatore Naranjo Vargas, had the authority to hire, fire and discipline Salvatore Naranjo Vargas and generated and maintained employment records. The individual defendants set all policies regarding Salvatore Naranjo Vargas's working conditions.

49. Plaintiff, Salvatore Naranjo Vargas, worked between 48 and 54 hours in most workweeks in which he was employed by the defendants. He worked Monday through Saturday. His shift was between before 11 pm until after 6 am and changed during his tenure to between before 4 pm and until after 7 am was paid $120 per shift daily route. He did not receive the premium overtime rate. He was paid by check. He was required to clean truck for an hour after it returned to the yard for which he was not compensated.

50. At all times hereinafter mentioned, plaintiff, Salvatore Naranjo Vargas, was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular

8

rate of pay after he worked forty (40) hours in a workweek. Defendants failed to compensate the plaintiff, Salvatore Naranjo Vargas, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

51.     Plaintiff, Ruben Nava, was an employee of the defendants, working in a non-exempt position under their direct supervision from approximately June 2012 through July 2012.

52.     Upon information and belief, the individual defendants and the corporate defendant hired Ruben Nava, set wage rates and methods of payment for Ruben Nava, set hours of work for Salvatore Naranjo Vargas, had the authority to hire, fire and discipline Ruben Nava and generated and maintained employment records. The individual defendants set all policies regarding Ruben Nava's working conditions.

53.     Ruben Nava worked between 47 to 52 hours in most workweeks in which he was employed by the defendants. He was paid approximately $23 per hour for all hours worked.

54.     At all times hereinafter mentioned, Ruben Nava was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular rate of pay after he worked forty (40) hours in a workweek.

55.     Defendants failed to compensate Ruben Nava for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants. Upon information and

9

belief, Defendants failed to pay Ruben Nava any monies for 10 days of work he performed for Defendants.

56. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records for Plaintiffs and all similarly situated individuals.

57. Defendants denied plaintiffs time off for meals and breaks.

58. Plaintiffs and other similarly situated employees received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, not the additional twenty (20) minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

59. Defendants unlawfully deducted wages from Plaintiffs' pay for dumping incorrectly and breaking equipment. For example, Cardenas was subjected to a deduction of $120 for dumping incorrectly according to Defendants.

60. The corporate Defendant entered into contracts with public entities including the Village of Rye Brook and the Town of Pelham. The prevailing wage contracts state that employees are entitled to prevailing wages and supplemental benefits set within the prevailing wage contracts.

61. Upon information and belief, while working for the Defendants, Plaintiffs did not receive prevailing wages and supplemental benefits for work performed on publicly financed projects, including, but not limited to the Village of Rye Brook and the Town of Pelham.

62. Upon information and belief, Plaintiffs did not receive one hour of additional pay in any day that worked 10 or more hours.

63. Upon information and belief, Plaintiffs and the putative class members, under the direction of Defendants instituted the practice of depriving Plaintiffs and putative class members of compensation for work performed off-the clock before and after their paid shift to perform duties related to the vehicles they worked on for Defendants.

64. Defendants failed to post required wage and hour posters in Plaintiffs' place of work.

## COLLECTIVE ACTION CLAIMS

65. At all times relevant to this Complaint Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate overtime compensation, as required by federal law and state laws.

66. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since 2009 to the entry of this judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

## CLASS ACTION

67. At all relevant times, Plaintiffs seek to prosecute its claims under the New York Labor Law as a class action under Rule 23.

68. The Plaintiff and the putative class members were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants common practices, policies, programs, procedures, protocols and plans

including willfully failing and refusing to pay them the required, overtime, spread of hours pay, unlawful deductions from pay, off-the-clock time and willfully failing to keep records. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

69. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

70. Plaintiffs bring their New York Labor Law overtime, spread-of-hours, unlawful wage deductions, prevailing wage claims and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period). All said persons, including Plaintiffs, are referred to herein as the "Class."

71. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over forty members of the Class during the Class Period.

72. There are questions of law and fact common to the Class including:

- what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;
- what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;
- what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime premium pay for all hours worked over 40;
- whether Defendants failed and/or refused to pay Plaintiffs the overtime at the premium rate within the meaning of the New York Labor Law;
- whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

12

- whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;
- at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and
- what are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

73. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

74. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

75. This action for recovery of prevailing wages and supplemental benefits is also properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules for and on behalf of Plaintiffs and other employees of Defendants similarly situated, and such employees may designate an agent or representative to maintain such action for and on behalf of all helpers and drivers situated for the reasons alleged under FRCP 23.

## COUNT I

### AGAINST ALL DEFENDANTS
### (Fair Labor Standard Act – Overtime)

79. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

80. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

81. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its employees for the employees' hours worked in excess of forty hours per workweek.

82. As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including §§ 207 (a) (1) and 215 (a). The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

84. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves, and the Collective Action members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216 (b).

## COUNT II

### AGAINST ALL DEFENDANTS
### (New York Labor Law – Overtime)

85. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

86. At all relevant times, Plaintiffs and the members of the Class have been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

87. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than

one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 137.

88. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations. Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

89. Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663 (1).

## COUNT III
### AGAINST ALL DEFENDANTS
### (New York Labor Law – Spread of Hours)

90. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully again herein.

91. At all relevant times, Plaintiffs and members of the Class have been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

92. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them an additional hour's pay at their hourly rate of pay for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R § 137-1.7.

93. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

94. Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

95. Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663 (1).

## COUNT IV

## AGAINST ALL DEFENDANTS
### (Breach of Contract)

96. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-95 above.

97. Upon information and belief, AAA Carting and Rubbish Removal entered into written contracts with various municipalities, including the municipalities of Rye Brook. The municipal contracts contained reference to the payment of New York Labor Law § 230 prevailing wages and/or incorporated by schedules of prevailing rates of wages and supplemental benefits to be paid to Plaintiffs. Those prevailing rates of wages and supplemental benefits were made part of the Municipal Contracts for the benefit of Plaintiffs.

99. Defendant breached the Municipal Contracts by willfully failing to pay and ensure payment to Plaintiffs the prevailing wages and supplemental benefits for all labor performed upon the publicly financed worksites. The action for this cause of action is properly maintainable under CPLR § 901.

101. By reason of its breach of the Municipal Contracts, Defendant is liable to Plaintiffs for an amount to be determined at trial, plus interest, costs and attorneys' fees.

## COUNT V

### AGAINST ALL DEFENDANTS
### (Illegal Withholding of Wages Under N.Y. Labor Law)

102. Plaintiffs repeat and realleges by reference the foregoing allegations in paragraphs 1-102 above.

103. At all relevant times, Plaintiffs and putative class members were employed by Defendants within the meaning of New York Labor Law § 190.

104. Defendants willfully violated the rights of Plaintiff and putative class members by making illegal deductions from their wages in violation of New York Labor Law § 193. Defendants' illegal deductions were willful within the meaning of New York Labor Law.

106. Due to Defendants' New York Labor Law violations Plaintiffs and putative class members are entitled to all wages due, liquidated damages of 100%, interest, attorneys' fees and costs and disbursements of the action, pursuant to the New York Labor Law.

## TRIAL BY JURY DEMANDED

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

- Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

- Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

- Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs and the FLSA and Rule 23 class members compensation, hours, wages, and any deductions or credits taken against wages;

unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

- Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

- Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

- Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

- Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA and Rule 23 class members compensation, hours, wages; and any deductions or credits taken against wages;

- Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA and Rule 23 class members;

- Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

- Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation and unlawfully deducted wages shown to be owed pursuant to NYLL § 663 as applicable;

- Awarding Plaintiffs and members of the Article 9 of the NYCPLR class unpaid prevailing wages, wage supplements, liquidated damages, and attorneys fees.

- Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

- Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorney's fees; and

- All such other and further relief as the Court deems just and proper.

Dated: September 19, 2012                MILMAN LABUDA LAW GROUP PLLC

By/s/ _____
Michael J. Mauro, Esq.
3000 Marcus Ave.
Suite 3W8

Lake Success, NY 11042
(516) 328-8899
(516) 328-0082
mikemauro@mllaborlaw.com