UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

GUSTAVO CARDENAS, JUSTINO NARANJO
VARGAS, SALVATORE NARANJO VARGAS,
RUBIN NAVA, Individually and on behalf of other
persons similarly situated who were employed by
AAA CARTING and RUBBISH REMOVAL
CORP., and/or PASQUALE CARTALEMI and
PASQUALE CARTALEMI, JR., ANGELO
CARTALEMI, or any other entities affiliated with
or controlled by AAA CARTING and RUBBISH
REMOVAL CORP. and PASQUALE
CARTALEMI,

Plaintiffs,

-against-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or
any other entities affiliated with or controlled by
AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI,
PASQUALE CARTALEMI, JR., and ANGELO
CARTALEMI, and JOHN DOE BONDING
COMPANIES 1-20, and John and Jane Does,

Defendants.
------------------------------------------------------------ x

: Civil Action No.:12 Civ. 7178 (VLB) (LMS)

: **ANSWER**

     AAA Carting and Rubbish Removal, Inc. ("AAA Carting"), named incorrectly herein as

AAA Carting and Rubbish Removal Corp., Pasquale Cartalemi, Pasquale Cartalemi, Jr., and

Angelo Cartalemi (collectively, "Defendants"), by their attorney, Robinson Brog Leinwand

Greene Genovese & Gluck P.C., hereby Answer Plaintiffs' Complaint dated September 19, 2012

(the "Complaint") as follows:

## AS TO ALLEGATIONS CONCERNING THE NATURE OF THE ACTION

1.      To the extent that the allegations contained in paragraph 1 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.      To the extent that the allegations contained in paragraph 2 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      To the extent that the allegations contained in paragraph 3 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

## AS TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

4.      To the extent that the allegations contained in paragraph 4 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 4 of the Complaint and aver that this Court lacks subject matter jurisdiction over this action.

5.      To the extent that the allegations contained in paragraph 5 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

6.      To the extent that the allegations contained in paragraph 6 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is

required, Defendants deny the allegations contained in paragraph 6 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

7.      To the extent that the allegations contained in paragraph 7 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint except admit AAA Carting does business in the State of New York.

9.      To the extent that the allegations contained in paragraph 9 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 9 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

## AS TO ALLEGATIONS CONCERNING THE PARTIES

7.      Defendants deny knowledge or information sufficient to determine the truth of the allegations contained in the second paragraph 7 of the Complaint.[1]

8.      To the extent that the allegations contained in the second paragraph 8 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in the second paragraph 8 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

---

1 In the Complaint, paragraph 9 is mistakenly followed by paragraph 7 instead of paragraph 10 due to a paragraph numbering error.  This Answer responds to Plaintiffs' paragraphs as numbered in the Complaint to maintain consistency with the Complaint and to avoid confusion for the Court.

9.      Defendants deny the allegations contained in the second paragraph 9 of the Complaint.

10.     Defendants deny knowledge or information sufficient to determine the truth of the allegations contained in paragraph 10 of the Complaint.

11.     To the extent that the allegations contained in paragraph 11 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny knowledge or information sufficient to determine the truth of the allegations contained in paragraph 13 of the Complaint.

14.     To the extent that the allegations contained in paragraph 14 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 14 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny knowledge or information sufficient to determine the truth of the allegations contained in paragraph 16 of the Complaint.

17.     To the extent that the allegations contained in paragraph 17 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 17 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint except admit that AAA Carting is engaged in the sanitation business.

22.     Defendants admit the allegations contained in paragraph 22 of the Complaint.

23.     To the extent that the allegations contained in paragraph 23 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 23 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     To the extent that the allegations contained in paragraph 29 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     To the extent that the allegations contained in paragraph 34 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is

required, Defendants deny the allegations contained in paragraph 34 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

35.     To the extent that the allegations contained in paragraph 35 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 35 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

36.     To the extent that the allegations contained in paragraph 36 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 36 of the Complaint and respectfully refer this Court to the respective statute for its content, meaning and import.

## AS TO ALLEGATIONS ENTITLED "FACTS"

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint, except admit that Gustavo Cardenas was employed by AAA Carting.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     To the extent that the allegations contained in paragraph 40 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint, except admit that Justino Naranjo Vargas was employed by AAA Carting.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     To the extent that the allegations contained in paragraph 45 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint, except admit that Salvatore Naranjo Vargas was employed by AAA Carting.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     To the extent that the allegations contained in paragraph 50 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint, except admit that Ruben Nava was employed by AAA Carting.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     To the extent that the allegations contained in paragraph 54 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.    To the extent that the allegations contained in paragraph 60 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Complaint.

## AS TO ALLEGATIONS ENTITLED "COLLECTIVE ACTION CLAIMS"

65.    To the extent that the allegations contained in paragraph 65 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.    To the extent that the allegations contained in paragraph 66 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 66 of the Complaint.

## AS TO ALLEGATIONS ENTITLED "CLASS ACTION"

67.    To the extent that the allegations contained in paragraph 67 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.    To the extent that the allegations contained in paragraph 68 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     To the extent that the allegations contained in paragraph 69 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     To the extent that the allegations contained in paragraph 70 of the Complaint call for legal or factual conclusions, no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

## AS AND FOR AN ANSWER
## TO THE FIRST COUNT

79.     Defendants repeat, reallege and incorporate their prior responses to the allegations contained in paragraphs 1 through 75 of the Complaint, as if fully set forth herein in response to paragraph 79.[2]

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.[3]

---

2 Paragraphs 76 through 78 are omitted from the Complaint.   This Answer responds to Plaintiffs' paragraphs as numbered in the Complaint to maintain consistency with the Complaint and to avoid confusion for the Court.
3 Paragraph 83 is omitted from the Complaint.   This Answer responds to Plaintiffs' paragraphs as numbered in the Complaint to maintain consistency with the Complaint and to avoid confusion for the Court.

## AS AND FOR AN ANSWER
## TO THE SECOND COUNT

85.     Defendants repeat, reallege and incorporate their prior responses to the allegations contained in paragraphs 1 through 84 of the Complaint, as if fully set forth herein in response to paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

## AS AND FOR AN ANSWER
## TO THE THIRD COUNT

90.     Defendants repeat, reallege and incorporate their prior responses to the allegations contained in paragraphs 1 through 89 of the Complaint, as if fully set forth herein in response to paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

## AS AND FOR AN ANSWER
## TO THE FOURTH COUNT

96.     Defendants repeat, reallege and incorporate their prior responses to the allegations contained in paragraphs 1 through 95 of the Complaint, as if fully set forth herein in response to paragraph 96 of the Complaint.

97.     To the extent that the allegations contained in paragraph 97 of the Complaint call

for legal or factual conclusions, no response is required.  To the extent that a response is

required, Defendants deny the allegations contained in paragraph 97 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.[4]

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.[5]

## AS AND FOR AN ANSWER
## TO THE FIFTH COUNT

102.    Defendants repeat, reallege and incorporate their prior responses to the allegations

contained in paragraphs 1 through 101 of the Complaint, as if fully set forth herein in response to

paragraph 102.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.[6]

## AS AND FOR A FIRST SEPARATE DEFENSE

This Court lacks subject matter jurisdiction over this action.

## AS AND FOR A SECOND SEPARATE DEFENSE

Plaintiffs have not stated a claim upon which relief can be granted.

## AS AND FOR A THIRD SEPARATE DEFENSE

The Court lacks personal jurisdiction over the Defendants because of insufficient service

of process.

---

4 Paragraph 98 is omitted from the Complaint.  This Answer responds to Plaintiffs' paragraphs as numbered in the
  Complaint to maintain consistency with the Complaint and to avoid confusion for the Court.
5 Paragraph 100 is omitted from the Complaint.  This Answer responds to Plaintiffs' paragraphs as numbered in the
  Complaint to maintain consistency with the Complaint and to avoid confusion for the Court.
6 Paragraph 105 is omitted from the Complaint.  This Answer responds to Plaintiffs' paragraphs as numbered in the

## AS AND FOR A FOURTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by reason of the doctrine of waiver and release.

## AS AND FOR A FIFTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of estoppel and laches.

## AS AND FOR A SIXTH SEPARATE DEFENSE

Defendants have a defense based upon payment.

## AS AND FOR A SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because of the doctrine of unclean hands.

## AS AND FOR AN EIGHTH SEPARATE DEFENSE

Plaintiffs' alleged claims are barred by reason of the course of conduct between the parties.

## AS AND FOR A NINTH SEPARATE DEFENSE

All or part of Plaintiffs' claim is barred by the doctrine of accord and satisfaction.

## AS AND FOR A TENTH SEPARATE DEFENSE

Defendants have a defense based upon documentary evidence.

## AS AND FOR AN ELEVENTH SEPARATE DEFENSE

Plaintiffs have failed to name one or more necessary parties and the Complaint should not proceed without such party.

## AS AND FOR A TWELFTH SEPARATE DEFENSE

Plaintiffs' alleged claims are barred, excluded, and/or limited by the terms of the agreements referenced or mentioned in the Complaint.

Complaint to maintain consistency with the Complaint and to avoid confusion for the Court.

{00608936.DOC;1 }{00608936.DOC;1 }12

### AS AND FOR A THIRTEENTH SEPARATE DEFENSE

The allegations in the Complaint are not pled with required particularity.

### AS AND FOR A FOURTEENTH SEPARATE DEFENSE

The Complaint constitutes an abuse of process as it pertains to Defendants.

### AS AND FOR A FIFTEENTH SEPARATE DEFENSE

Defendants have a defense to the Complaint based upon Plaintiffs' election of remedies or failure to do so.

### AS AND FOR A SIXTEENTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTEENTH SEPARATE DEFENSE

Some or all of the relief alleged in the Complaint is not recoverable from Defendants.

### AS AND FOR AN EIGHTEENTH SEPARATE DEFENSE

Plaintiffs did not comply with all conditions precedent in the agreements referenced in the Complaint prior to bringing suit.

### AS AND FOR A NINETEENTH SEPARATE DEFENSE

Defendants have a defense based upon mitigation of damages and/or Plaintiffs' failure to do so.

### AS AND FOR A TWENTIETH SEPARATE DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

### AS AND FOR A TWENTY-FIRST SEPARATE DEFENSE

Plaintiffs are not entitled to overtime by virtue of one or more exemptions in the Fair Labor Standards Act. 29, U.S.C. § 213(b)(1) and New York Labor Law.

## AS AND FOR A TWENTY-SECOND SEPARATE DEFENSE

To the extent Plaintiffs were managers or supervisors or other employees exempt from the Fair Labor Standards Act pursuant to 29 U.S.C. § 213 or New York Labor Law, Defendants would not be required to pay overtime/spread of hours compensation to Plaintiffs and would not otherwise be liable to Plaintiffs.

## AS AND FOR A TWENTY-THIRD SEPARATE DEFENSE

To the extent any Plaintiff did not work more than forty hours in a given week or more than ten hours on a given day or otherwise did not work more than the hours specified in the 29 U.S.C. § 207(a)(1) or New York Labor Law governing spread of hours/overtime, Plaintiffs are not entitled to overtime/spread of hours pay.

## AS AND FOR A TWENTY-FOURTH SEPARATE DEFENSE

Without a federal question present, the state law causes of action are subject to dismissal as there is no supplemental jurisdiction and no diversity jurisdiction.

## AS AND FOR A TWENTY-FIFTH SEPARATE DEFENSE

AAA Carting has paid Plaintiffs all sums due and owing to Plaintiffs.

## AS AND FOR A TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs lack the capacity to sue in a representative capacity and otherwise do not meet federal and state procedural requirements for maintaining a class or collective action.

## AS AND FOR A TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiffs are not similarly situated and otherwise fail to satisfy the requirements of 29 U.S.C. § 216 and Fed. R. Civ. P. 23.  Plaintiffs' purported class causes of action are dismissible as inconsistent with the Fair Labor Standards Act collective action procedure.

### AS AND FOR A TWENTY-EIGHTH SEPARATE DEFENSE

To the extent any Plaintiff or putative Plaintiff is an illegal immigrant, that Plaintiff is not entitled to damages because they would not be permitted to work under the Immigration Reform and Control Act of 1986.

### AS AND FOR A TWENTY-NINTH SEPARATE DEFENSE

Certification of this case as a class action would require a trial where individual issues predominate over common issues; consequently, Defendants would be deprived of their due process rights under the United States Constitution.

### AS AND FOR A THIRTIETH SEPARATE DEFENSE

With respect to some or all claims brought by Plaintiffs and others with whom they are allegedly "similarly situated," Defendants affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that AAA Carting was in full compliance with the FLSA. As such, and among other things, the statute of limitations can be no longer than two (2) years under the FLSA. 29 U.S.C. § 255(a).

### AS AND FOR A THIRTY-FIRST SEPARATE DEFENSE

The Complaint, and each purported cause of action set forth therein, is barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs and others with whom they are allegedly "similarly situated" were engaged in activities that were not compensable work under the FLSA and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary to their principal activities, and walking to the actual place of performance of the principal activities.

## AS AND FOR A THIRTY-SECOND SEPARATE DEFENSE

Some, or all, of the disputed time for which Plaintiffs and others with whom they are allegedly "similarly situated" involves wages purportedly owed for time that is not compensable pursuant to the *de minimis* doctrine and rounding regulations.

## AS AND FOR A THIRTY-THIRD SEPARATE DEFENSE

Plaintiffs and others with whom they are allegedly "similarly situated" may not recover liquidated damages because (i) Defendants (including AAA Carting's officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiffs and others with whom they are allegedly "similarly situated;" and (iii) Plaintiffs and others with whom they are allegedly "similarly situated" have failed to plead facts sufficient to support recovery of such damages.

## AS AND FOR A THIRTY-FOURTH SEPARATE DEFENSE

As none of the Plaintiffs have filed consent forms as required by 29 U.S.C. § 256, they are not parties to this case and not properly before this Court.

## AS AND FOR A THIRTY-FIFTH  SEPARATE DEFENSE

The consents obtained in whole or in part and filed in this lawsuit have been obtained in a manner that is not in compliance with the statutory authority and therefore should be stricken.

## AS AND FOR A THIRTY-SIXTH SEPARATE DEFENSE

Plaintiffs and others with whom they are allegedly "similarly situated" may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action under 29 U.S.C. §216(b).

## AS AND FOR A THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiffs and others with whom they are allegedly "similarly situated" are not entitled to compensation for hours they purportedly worked without Defendants' actual or constructive knowledge.

## AS AND FOR A THIRTY-EIGHTH SEPARATE DEFENSE

The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendants' liability and/or damages, if any, to Plaintiffs and others with whom they are allegedly "similarly situated" on a group or aggregated basis.

## AS AND FOR A THIRTY-NINTH SEPARATE DEFENSE

Plaintiffs' claims are not typical of those within the proposed "class."

## AS AND FOR A FORTIETH SEPARATE DEFENSE

Claims held by the Named Plaintiffs and members of the putative class and subclasses are not sufficiently common to sustain a Class Action under Fed. R. Civ. P. 23.

## AS AND FOR A FORTY-FIRST SEPARATE DEFENSE

Plaintiffs' claims are not typical of those of putative class members.

## AS AND FOR A FORTY-SECOND SEPARATE DEFENSE

If certified, this matter would be unmanageable as a Class Action.

## AS AND FOR A FORTY-THIRD SEPARATE DEFENSE

The consents obtained in whole or in part and filed in this lawsuit have been obtained in a manner that is not in compliance with the statutory authority and therefore should be stricken.

## AS AND FOR A FORTY-FOURTH SEPARATE DEFENSE

The Complaint is barred in whole, or in part, by, *inter alia*, § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendants relied in good faith on, and acted in conformity with,

written interpretations of the FLSA promulgated by the Department of Labor and/or the Department of Transportation, on the stated administrative practices and enforcement policies of the Department of Labor and/or Department of Transportation.

### AS AND FOR A FORTY-FIFTH SEPARATE DEFENSE

Defendants hereby give notice that they intend to rely upon such separate defenses as may become available or apparent during the course of discovery or trial, and thus reserve the right to amend their Answer to assert such defenses.

### AS AND FOR A FORTY-SIXTH SEPARATE DEFENSE

To the extent Plaintiffs and others with whom they are allegedly "similarly situated" are entitled to damages, Defendants are entitled to a credit for, or set-off against, amounts overpaid to them in the course of their employment and to a credit for overtime and other premium payments already made to them.

### AS AND FOR A FORTY-SEVENTH SEPARATE DEFENSE

Defendants incorporate herein as Affirmative Defenses the foregoing First through Forty-Sixth Separate Defenses.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint with prejudice and

granting Defendants their costs and expenses of this action, including reasonable attorneys' fees,

incurred in this action, any damages or over-payments made pursuant to the contract, and such

other and further relief as this Court may deem just, proper and equitable.

Dated:      New York, New York
            January 31, 2013

                                    ROBINSON BROG LEINWAND
                                    GREENE GENOVESE & GLUCK P.C.

                                    By: /s/  Nicholas Caputo
                                    Nicholas Caputo, Esq.
                                    Michael A. Eisenberg, Esq.
                                    *Attorney for Defendants AAA Carting and*
                                    *Rubbish Removal, Inc., sued herein as AAA*
                                    *Carting and Rubbish Removal Corp.,*
                                    *Pasquale Cartalemi, Pasquale Cartalemi,*
                                    *Jr., and Angelo Cartalemi*
                                    875 Third Avenue, 9th Floor
                                    New York, New York 10022
                                    (212) 603-6300
                                    nrc@robinsonbrog.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013, I caused to be served the foregoing Answer

upon the following counsel via the ECF filing system:

**MILMAN LABUDA LAW GROUP PLLC**
Michael J. Mauro, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(516) 328-8899
Attorneys for Plaintiffs

Dated:     New York, New York
           January 31, 2013

/s/ Nicholas Caputo
Nicholas Caputo, Esq.