## ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.



875 THIRD AVENUE, 9TH FL.

NEW YORK, NEW YORK 10022

(212) 603-6300

FAX (212) 956-2164

March 15, 2013

**MEMO ENDORSED**

APPLICATION DENIED
SO ORDERED
VINCENT L. BRICCETTI  3/18/13
U.S.D.J.

The Initial Conference will proceed as scheduled on 3/20/13 at 10:00 a.m.

<u>VIA FACSIMILE</u>

Honorable Judge Vincent L. Briccetti
United States District Court
Southern District of New York
Federal Building and US Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    Gustavo Cardenas, et al. v. AAA Carting and Rubbish
            Removal Corp., et al.
            <u>Civil Action No.: 12-Civ-7178</u>

Dear Judge Briccetti:

        We represent AAA Carting and Rubbish Removal, Inc., named incorrectly herein as AAA Carting and Rubbish Removal Corp ("AAA Carting")., Pasquale Cartalemi, Pasquale Cartalemi, Jr., and Angelo Cartalemi ("Defendants") in the above- referenced action pending before Your Honor. Pursuant to Fed. R. Civ. P. 16, we are presently scheduled to appear before Your Honor on March 20, 2013, for an initial case management and scheduling conference. We are writing to Your Honor at the infancy of this litigation because, for the reasons set forth below, this Court lacks subject matter jurisdiction. This threshold issue should be addressed before this action proceeds any further to avoid a waste of judicial resources, particularly given that this action is denominated as both a potential class action and collective action.

        The Complaint alleges that the plaintiffs were employed by AAA Carting, and that pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (b) ("FLSA"), and New York Labor Law § 650 *et seq.*, that they are entitled to, *inter alia*, unpaid and back wages at overtime premium pay rate. Plaintiffs allege that this Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over the state law claims.

        However, AAA Carting is exempt from FLSA's overtime requirements under the federal motor carrier exemption, 29 U.S.C. 213(b)(1). Indeed, the U.S. Department of Labor just concluded an audit of AAA Carting, and closed its file after a finding that the motor carrier

{00615230.DOC;1 }

exemption applied to AAA Carting. In light of the exemption, the FLSA claim may not be maintained, and there is no basis to assert supplemental jurisdiction over the New York labor law claims. *See* 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.") Further, the NY Department of Labor applies the same exemptions as the federal government, and so the New York labor law claim must be dismissed as well. See, e.g., *Kenneth Fox et al. v. Commonwealth Worldwide Chauffeured Transportation of NY*, 865 F. Supp. 2d 257 (E.D.N.Y. 2012).

We respectfully request that in light of the foregoing, this Court adjourn the initial conference pending this Court's determination of whether it has subject matter jurisdiction over this action.

Thank you for your consideration to this matter.

Respectfully submitted,

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By: _____
Nicholas Caputo

CC via facsimile:

Michael J. Mauro, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
V: (212) 328-8899
F: (516) 328-0082
Attorney for Plaintiffs

{00615230.DOC;1 }