

**MILMAN LABUDA LAW GROUP PLLC**
3000 Marcus Avenue
Suite 3W8
Lake Success, New York 11042

Telephone (516) 328-8899
Facsimile (516) 328-0082

**Via Fax**
(914) 390-4170

March 15, 2013

Hon. Vincent L. Briccetti, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
Chambers 533
White Plains, NY 10601-4150

> Clerk is instructed
> to docket this letter.
> So Ordered:
> WBr____, USDJ
> 3/18/13

Re:   *Cardenas, et al. v. AAA Carting and Rubbish, et al.*
      **12-cv-7178**

**MEMO ENDORSED**

Dear Judge Briccetti:

    This firm represents the Plaintiffs' in the above-referenced matter. This is in opposition to Defendants' request that the initial scheduling conference be adjourned.

    Defendants contend that a non-party government agency's issuance of an unreviewed determination precludes the claims and therefore the conference should be adjourned. The Motor Carrier Act's exemption applies to only "those employees…whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) [as] that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(b)(2). Exemptions to the FLSA are "narrowly construed against the employers seeking to assert them." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). While Plaintiffs contend the exemption is inapplicable, the application of the alleged exemption in the case is fact specific and beyond the four corners of the Complaint. Therefore, there is no reason to delay the commencement of discovery in this matter. In fact, Defendants are obligated under Rule 26(f) to produce their payroll records along with their Initial Disclosure.

    Moreover, the court in *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011), a case with similar facts, ordered discovery and granted plaintiffs' motion for collective action status under a § 216(b) of the FLSA notwithstanding defendants' invocation of the same exemption. In fact, the Court did not permit defendants to even reference the affirmative defense in the approved notice to the class. *Id.* 60. In this case, Plaintiffs seek permission to move for a

collective action under § 216(b) and a class under FRCP 23. Given the substantial case law on this point, Defendants have no ability to have such motions denied.

Thank you.

                                Very truly,

                                MILMAN LABUDA LAW GROUP PLLC

                                /s/_____
                                Michael J. Mauro, Esq.

Cc:    Nicholas Caputo
        Robinson Brog Leinwand Green
        Genovese & Gluck P.C. via fax 212-956-2164