UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly        Case No.: 12-CV-7178(VB)
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

            Plaintiffs,

  -v-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

            Defendants.
-------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR COLLECTIVE ACTION CERTIFICATION**

MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
(516) 328-8899

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**Procedural History**................................................................................................................. 1

**Facts** ........................................................................................................................................ 1

**ARGUMENT I.**
    **THE COURT SHOULD AUTHORIZE A COLLECTIVE ACTION UNDER THE FLSA** ............. 4

**CONCLUSION** ............................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

Accord Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 60 (E.D.N.Y. 2011)., ....................................... 9, 10
Alcantara v. CNA Management, Inc., 264 F.R.D. 61, 66-67 (S.D.N.Y. 2009) ............................................ 11
Braunstein v. Eastern Photographic Lab., 600 F.2d 335, 336 (2d Cir. 1978) ............................................. 5
Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) .......................... 4,7
Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817, at *6-11 (E.D.N.Y. Oct. 11, 2007)............................ 7
Hanchard-James v. Brookdale Family Care Ctrs., 2012 U.S. Dist. LEXIS 113118,
   *7 (E.D.N.Y. Aug. 9, 2012)................................................................................................................. 3
Harrington v. Education Mgmt. Corp., 2002 WL 1343753, at *2 (S.D.N.Y. 2002)..................................... 10
Heagney v. European American Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)............................................. 7
Hoffman v. Sbarro, 982 F.Supp. 249, 2262 (S.D.N.Y. 1997)........................................................................ 5,8
Hoffman v. Sbarro, Inc., 982 F. Supp. 2d 249, 260 (S.D.N.Y. 2007)............................................................ 10
Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) ................. 5,10
Jacobsen v. Stop & Shop Supermarket Co., 2003 U.S. Dist. LEXIS 7988
   (S.D.N.Y. May 14, 2003) at *7-10....................................................................................................... 7
Karic v. Major Auto. Cos., 799 F.Supp.2d 219, 223 (E.D.N.Y. 2011)............................................................ 5
Krueger v. New York Telephone Co., 1993 WL 276058 at *1 (S.D.N.Y. 1993)........................................... 10
Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363 (S.D.N.Y. 2007)............................................... 6,9
Morris v. Lettire Constr., Corp., 2012 U.S. Dist. LEXIS 134860,*11 (S.D.N.Y. Sept. 18, 2012) ............... 3,7
Moss v. Crawford & Co., 201 F.R.D. 398, 409) (W.D. Pa. 2000)................................................................. 6
Patton v. Thomson Corp., 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) ...................................................... 4,5
Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998)........................................ 7,10, 11
Rodolico v. Unisys Corp., 199 F.R.D. 468, 483 (E.D.N.Y. 2001) ................................................................ 7
Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005)................................................................ 6
Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 26 (D. Minn. 1991) .................................................. 7
Sexton v. Franklin First Fin. Ltd., 2009 U.S. Dist. LEXIS 50526, at *3 (E.D.N.Y. 2009). ........................... 8
Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354 (E.D.N.Y. 2007) ..................................................... 4
Torres v. Gristede's Operating Corp., 2006 U.S. Dist. LEXIS 74039,
   *37-38 (S.D.N.Y. Sept. 28, 2006)......................................................................................................... 6
Toure v. Central Parking Sys. of New York, 2007 U.S. Dist. LEXIS 74056
   (S.D.N.Y. Sept. 28, 2007) .................................................................................................................... 7
Trinidad v. Breakaway Courier Sys., Inc., 2007 WL 103073, at *3 (S.D.N.Y. Jan. 12, 2007) .................. 10
Wraga v. Marble Lite, Inc., 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006) ............................... 11
Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ....................................................... 7

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................... 1,4,6 11
Fed. R. Civ. Pro. 23................................................................................................................................... 7
229 F.R.D at 387. Id. at 367 ……………………………………………………………………….6

## PRELIMINARY STATEMENT

This is a prospective FLSA collective action on behalf of all similarly situated individuals to Plaintiffs Gustavo Cardenas, Salvatore Naranjo Vargas, Justino Naranjo Vargas and Ruben Nava ("Plaintiffs"), such as drivers and helpers and all others who were or are employed by the Defendants AAA Carting and Rubbish Removal, Inc., Pasquale Cartalemi, Pasquale Cartalemi, Jr. and Angelo Cartalemi ("Defendants") as carting and/or sanitation workers on or after September 24, 2009. The Plaintiffs request that the Court issue an order certifying this action as a collective action with respect to their FLSA claims pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), with appropriate requirements as to disclosure by the Defendants of the names and last know physical address of the Defendants' current and former carting and/or sanitation worker employees, and as to notice to the prospective collective action members, as set forth in the exhibits to the Declaration of Michael J. Mauro (Ex. C-E).

**Procedural History**

The complaint was filed September 24, 2012. Accordingly, the Plaintiffs seek collective action certification of their FLSA claims on behalf of all carting and/or sanitation workers employed by the Defendants from September 24, 2009 to the present, under the FLSA three-year statute of limitations.

**Facts**

The plaintiffs and prospective collective action members are former and current employees of the Defendants, a private refuse removal company. The Defendants employed Plaintiffs to perform collection of commercial and residential waste. Beginning in at least 2006, Defendants have engaged in a policy and practice of failing to pay their employees premium overtime pay for hours worked in excess of 40 hours, failed to pay the prevailing wages and

1

supplemental benefits for work performed for municipalities, failed to pay them for "off the clock" time, and failed to pay for time for meals.

As alleged in their affidavits, the Plaintiffs experienced a common set of policies and practices by the Defendants as to wages and hours that violated the applicable federal and state law and regulations. There are at least 60 similarly situated current and former employees who have been subjected to the same unlawful employment practices.

As alleged in the complaint, the Plaintiffs were employed as carting and/or sanitation workers by the Defendants, ostensibly as drivers and helpers. (Cardenas Aff. ¶¶s 8, 9, 11; Vargas Aff. ¶¶s 9, 11). At all relevant times, their employment with the Defendants was subject to the overtime and minimum wage requirements of the FLSA. The Plaintiffs and their coworkers were subject to the following common unlawful employment practices:

    a.    Carting and/or sanitation employees were subjected to a policy and practice of working in excess of forty (40) hours per week, without proper payment for minimum wages or overtime hours. The employees frequently worked more than 40 hours per week and were not compensated the premium rate for overtime work as required by federal and state law. (Cardenas Aff. ¶¶s 4, 10, 12, 13, 14, 15; Vargas Aff. ¶¶s 5, 10, 12, 13, 14, 15).

    b.    The Defendants failed to pay employees the prevailing wage rates as set forth in publicly financed projects nor did they pay required supplemental benefits. (Cardenas Aff. ¶¶s 4, 15; Vargas Aff. ¶¶s 5, 15).

    c.    The Defendants did not accurately record workers' hours. (Cardenas Aff. ¶ 6; Vargas Aff. ¶ 7).

  d.  The Defendants did not pay for employees for time spent prior to their shifts with respect to preparing the vehicles for use and for cleaning them upon return from their shifts. (Cardenas Aff. ¶ 7; Vargas Aff. ¶ 6).

  e.  The Defendants did not provide required meal breaks. (Cardenas Aff. ¶¶s 5, 6; Vargas Aff. ¶¶s 6, 7).

  f.  The affiants spoke with other employees who stated they experienced the same unlawful conduct as set forth in points a-g above. (Cardenas Aff. ¶ 15; Vargas Aff. ¶ 15).

In sum, Plaintiffs have testified that Defendants engaged in a pattern and practice of depriving Plaintiffs and their co-workers of compensation for (i) work performed in excess of eight hours per day and/or 40 hours per week; (ii) performing off-the-clock work before and after their paid shift; and (iii) performing work on projects that required payment of prevailing wages and supplemental benefits, all of which deprived Plaintiffs of hourly compensation for all hours worked as mandated by federal and state law. As such, the affidavits establish that Plaintiffs' former co-workers, including, were subject to the same employment practices. *Morris v. Lettire Constr., Corp.*, 2012 U.S. Dist. LEXIS 134860, *11 (S.D.N.Y. Sept. 18, 2012); *Hanchard-James v. Brookdale Family Care Ctrs.*, 2012 U.S. Dist. LEXIS 113118, *7 (E.D.N.Y. Aug. 9, 2012)

  The Plaintiffs now seek an order pursuant to 29 U.S.C. § 216(b) granting conditional collective action certification, and authorizing the Plaintiffs to send notice to all prospective members of the class of employees. Specifically, Plaintiffs seek conditional certification of the following similarly situated individuals:

> All current and former employees of AAA Carting and Rubbish Removal Corp., and Pasquale Cartalemi and/or Pasquale Cartalemi and Pasquale Cartalemi, Jr. and Angelo Cartalemi or any other entities affiliated with or controlled by AAA Carting and Rubbish Removal Corp. and Pasquale Cartalemi, Pasquale Cartalemi,

Jr., and Angelo Cartalemi, and John Do Bonding Companies 1-20 and John and Jane Does, who performed work as drivers and helpers and all other carting and/or sanitation related labor, from September 24, 2009 through the present. Corporate officers, shareholders, directors, administrative employees, and other customarily exempt employees are not part of the defined class.

## ARGUMENT
### I. THE COURT SHOULD AUTHORIZE A COLLECTIVE ACTION UNDER THE FLSA

#### A. Applicable Legal Principles Under the FLSA

The Plaintiffs seek an order pursuant to 29 U.S.C. § 216(b) authorizing Plaintiffs to send a Notice of Pendency of Collective Action and Consent to Joinder ("opt-in") form to all prospective members of the class who did not receive minimum wages and overtime compensation allegedly owed to them by Defendants. The FLSA provides in pertinent part that an action may be maintained against any employer (including a public agency) in any federal or state court of competent jurisdiction "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Courts typically employ a two-step process in evaluating whether to certify a collective action. *See, e.g., Sobczak v. AWL Industries, Inc.*, 540 F. Supp. 2d 354 (E.D.N.Y. 2007). In the first step, courts need only look to the pleadings and affidavits to determine whether the potential class members are "similarly situated" to the plaintiffs, under a lenient evidentiary standard. *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005); *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). If the prospective plaintiffs are found to be "similarly situated," then the Court must conditionally certify the class and permit notice to be sent to the proposed plaintiffs. *Patton*, 364 F. Supp. 2d at 267.

4

The collective action provision of the FLSA is an "opt-in" scheme in which prospective plaintiffs must affirmatively notify the court of their intentions to become a party to the suit. *Karic v. Major Auto. Cos.*, 799 F.Supp.2d 219, 223 (E.D.N.Y. 2011). The purpose of this provision is to allow for an early and orderly prosecution of the action by advising all potential class members of the pendency of the action and the basic nature of the class claims. A collective action insures against inconsistent results through competing lawsuits by other aggrieved workers who may be contemplating legal action. This reasoning has repeatedly been applied in FLSA collective actions similar to the present case. In *Patton v. Thomson Corp.*, 364 F.Supp.2d 263 (E.D.N.Y. 2005), the Court directed Plaintiffs to publish a notice of pendency early in the litigation:

> It is appropriate to do so at this stage, rather than awaiting the completion of discovery … Doing so now is "a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management" *Hoffman v. Sbarro*, 982 F.Supp. 249, 2262 (S.D.N.Y. 1997) (citing *Braunstein v. Eastern Photographic Lab.*, 600 F.2d 335, 336 (2d Cir. 1978). In particular, early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case.

*Id.* at 268 (internal punctuation omitted).

Additionally, there is no prejudice to the Defendants as the proposed Notice and Opt-in form do not provide anything more than a court-approved general description of the action and an explanation of opt-in procedures. *Id.*

District courts have discretion to facilitate notice to potential members of the class under the FLSA. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); *Braunstein v. Eastern Photographic Lab.*, 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979). In so holding, the Second Circuit declared that giving courts the power to facilitate notice "comports with the broad remedial purpose of the Act, which should be given a

5

liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." *Braunstein*, 600 F.2d at 336.

Court-supervised notice to potential class members generally occurs during the first stage of the two-part procedure in which court determines whether the potential plaintiffs in a class action are sufficiently "similarly situated" in accordance with 29 U.S.C. § 216(b). *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007). The first stage, also referred to as the notice stage, takes place prior to discovery, requiring the court to make its determination on whether to certify the class based on limited evidence then available. The Court in *Iglesias-Mendoza* explained:

At the first stage, the court will look at the pleadings and affidavits. If the plaintiff satisfies "the minimal burden of showing that the similarly situated requirement is met," the court certifies the class as a collective action. *Id*. (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). "At this juncture – also termed the 'notice stage' – the court applies 'a fairly lenient standard' and (when it does so) typically grants 'conditional certification.'" *Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039, *37-38 (S.D.N.Y. Sept. 28, 2006) (quoting *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409) (W.D. Pa. 2000)). Potential class members are then notified and provided with the opportunity to opt in to the action. *Scholtisek*, 229 F.R.D. at 387. *Id*. at 367.

Because the first stage is made on a "fairly lenient standard", as the available evidence at that time is relatively limited, courts have held that at this preliminary stage "plaintiffs can satisfy the 'similarly situated' requirement by making a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan

6

that violated the law." *Iglesias-Mendoza*, 239 F.R.D. at 367-68 (citing *Realite v. Ark Restaurants Corp.*, 7 F.Supp. 2d 303, 306 (S.D.N.Y. 1998).[1]

At the notice stage, the court need not determine conclusively whether a class of "similarly situated" plaintiffs exists; "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan infected by discrimination." *See Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 26 (D. Minn. 1991) (plaintiffs must establish "at least a colorable basis for claim that similarly situated plaintiffs exists"); *Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817, at *6-11 (E.D.N.Y. Oct. 11, 2007) (Gleeson, J.); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp.2d 91, 95-97 (S.D.N.Y. 2003).

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988); *see also Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 483 (E.D.N.Y. 2001) (citing *Heagney* in holding that "in order to be 'similarly situated,' the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all.").

It does not matter that the prospective class members perform different duties. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003) at *7-10 (class of trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007), at *8 (S.D.N.Y. Sept. 27, 2007) (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift … to work more than forty hours per week and

---

[1] This is a more liberal standard than the required showing under Fed. R. Civ. Pro. 23 because "no showing of numerosity, typicality, commonality and representativeness need be made." *Iglesias-Mendoza*, 239 F.R.D. at 368 (citing *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)).

refusing to pay them for the additional time" was sufficient to meet the burden of "'making a modest factual showing sufficient to demonstrate that Plaintiffs and other employees together were victims of a common policy or plan that violated the law,'" regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997) (internal punctuation omitted).

In alleging that they were subjected to common employment policies and practices that violated the FLSA, the named Plaintiffs have met their minimal burden for collective action certification. Moreover, the attached affidavits establish that Plaintiffs' former co-workers are "similarly situated" to Plaintiffs because they too were "victims of a single decision, policy or plan." *Sexton v. Franklin First Fin. Ltd.*, 2009 U.S. Dist. LEXIS 50526, at *3 (E.D.N.Y. 2009).

Plaintiffs have specifically alleged that during the course of their employment, Defendants employed them and other members of the putative class to perform work collecting commercial and residential waste for Defendants. (Cardenas Aff. ¶¶s 3, 4, 9, 11; Vargas Aff. ¶¶s 5, 9, 11). Plaintiffs testified that despite often working more than 40 hours each week, they did not receive overtime compensation at time and one-half their regularly hourly wage for all the hours over 40 that they worked. (Cardenas Aff. ¶¶s 10, 13, 14, 15; Vargas Aff. ¶¶s 10, 13, 14, 15). Plaintiffs also testified that they were not always paid the prevailing wage for work performed on municipal contracts. (Cardenas Aff. ¶¶s 4, 15; Vargas Aff. ¶¶s 5, 15) Plaintiffs also testified that they did not receive a meal break and were not paid for time worked off the clock. (Cardenas Aff. ¶¶s 5, 6; Vargas Aff. ¶¶s 6, 7)

Plaintiffs also state that they personally worked with at least 60 other employees at AAA Carting and Rubbish Removal Corp. who, from the Plaintiffs' observations and discussions with the other employees, performed the same or similar duties and who were also underpaid,

indicating widespread wage and hour violations affecting a large number of employees and prospective class members.

The Plaintiffs have therefore sufficiently established a "colorable basis" for their claim that Defendants engaged in policies and practices common to the class that violated the wage and hour, and recordkeeping provisions of the FLSA. For example in *Moore v. Eagle Sanitation, Inc.,* plaintiffs, drivers and helpers the defendants, a waste hauling company like Defendants, sought a collective action under § 216(b) of the FLSA. The court granted the motion finding that they were similarly situated. 276 F.R.D. 54, 59 (E.D.N.Y. 2011) ("Based on this evidence and the review of the relevant case law, the Court finds that Plaintiffs have met the lenient evidentiary standard necessary to warrant the determination, at this stage, that the proposed opt-in plaintiffs are "similarly situated."); *see also Severtson*, 137 F.R.D. at 267. They have therefore "easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class." *Iglesias-Mendoza*, 230 F.R.D. at 368.

### B. The Proposed Notice

Plaintiffs propose that collective action notification be given to every person who has been employed by the Defendants as carting and/or sanitation workers for the period beginning three years from the commencement of this lawsuit. *See* Proposed Form of a Notice of Pendency, Publication Order, and Consent to Join, true and correct copies of which are annexed to Michael Mauro's declaration as Exhibits C-E. While the statute of limitations for bringing claims under the FLSA is two years, and for willful violations under the FLSA, three years, the Plaintiffs claims that the violations are willful, and even without a determination of an intentional

violation, notice extending to companies employed three years prior is appropriate. *See Harrington v. Education Mgmt. Corp.*, 2002 WL 1343753, at *2 (S.D.N.Y. 2002) (noting that it "would be premature at this juncture to reach a determination as to whether the defendants violations, if any, have been willful" and authorizing "notice to go back six years with respect to those similarly situated employees who worked in the defendants' New York facilities"); *see also Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998) (authorizing the plaintiffs in collective action to provide notice to employees who worked at defendants' New York restaurants within the last six years of the pendency of the lawsuit as "[i]t will then be up to those individuals to decide whether they wish to opt-in to this action"). Further, Notice to prospective class members should be given as soon as possible, since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Trinidad v. Breakaway Courier Sys., Inc.*, 2007 WL 103073, at *3 (S.D.N.Y. Jan. 12, 2007) (citation omitted). Unlike a traditional class action, the FLSA collective action claims are not tolled by the filing of the Complaint. *See Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 169 (1989); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 2d 249, 260 (S.D.N.Y. 2007). To facilitate this process, courts routinely order employers to provide plaintiffs with the name and available contact information of prospective class members. *Krueger v. New York Telephone Co.*, 1993 WL 276058 at *1 (S.D.N.Y. 1993) ("The Supreme Court's decision in *Hoffmann* clearly authorizes and, in fact, advocates that the district court exercise its discretion early in the litigation to permit discovery of the names and addresses of discharged employees to ensure that such potential plaintiffs are promptly and accurately notified") (citing *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 110 S. Ct. 482 (1989)). Accordingly Plaintiffs respectfully request that the Defendants provide the Plaintiffs with the name and address of all potential class members for a six year period.[2] *Accord Moore v.*

---

[2] Plaintiffs' pendent overtime claim under state law has a six year statute of limitations. Federal courts frequently

*Eagle Sanitation, Inc.*, 276 F.R.D. 54, 60 (E.D.N.Y. 2011) (ordering Defendants to provide contact information for all employees for a six year period.)

## CONCLUSION

For the reasons stated above and in the accompanying affidavits, the court should certify this action as a collective action with respect to the Plaintiffs' FLSA claims pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), with appropriate requirements as to disclosure by the Defendants of the names and last known physical addresses of the Defendants' current and former carting and/or sanitation worker employees, and as to notice to the prospective collective action members; and authorize the Plaintiffs publish the attached Notice of Collective Action, Consent to Join, and Opt-out Form.

**Dated: April 19, 2013**  **MILMAN LABUDA LAW GROUP PLLC**
**Attorneys for Defendants**

**/s/**_____
**Michael J. Mauro, Esq.**
**Mathew Brown, Esq.**

---

use supplemental jurisdiction over the state law claim and apply the six year period in order to provide all potential class members notification in the interest of judicial economy. *Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006); *Alcantara v. CNA Management, Inc.*, 264 F.R.D. 61, 66-67 (S.D.N.Y. 2009); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998).