UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GUSTAVO CARDENAS, et al.,  :
                      Plaintiffs,  :
                                  :  **ORDER**
v.  :
                                  :  12 CV 7178 (VB)
AAA CARTING AND RUBBISH  :
REMOVAL, et al.,  :
                    Defendants.  :
-----------------------------------------------------------------x

      At an initial conference held on March 20, 2013, defendants requested discovery in this matter be initially limited to the issue of subject matter jurisdiction. In an order issued the same day, (Doc. #19), the Court instructed defendants to submit a letter "explaining how discovery in this case can be limited to concern only the issue of subject matter jurisdiction," and for plaintiffs to submit a response letter.

      Having carefully reviewed the parties' submissions, defendants' request for limited discovery is DENIED. Contrary to the Court's request, defendants have failed to explain with sufficient specificity how such limited discovery would be conducted (i.e., which specific individuals would be deposed or what particular documents would be produced). Instead, defendants merely request discovery be limited to two seemingly broad issues that touch on subject matter jurisdiction.

      The Court finds defendants' proposed "two-tier" discovery plan would be inefficient and unfairly prejudicial to plaintiffs. To proceed in such a matter would likely cause unnecessary delay and require plaintiffs to undertake duplicative discovery obligations. The Court thus finds it more prudent to proceed with discovery in the ordinary fashion.

      With respect to defendants' request for a briefing schedule for a motion to dismiss for lack of subject matter jurisdiction, defendants cannot properly file such a motion because they

have filed an answer. See Fed. R. Civ. P. 12(b) (A motion to dismiss for lack of subject matter jurisdiction "must be made before pleading if a responsive pleading is allowed."). Instead, defendants may at any time file a motion for judgment on the pleadings pursuant to Rule 12(c), or, if they wish to file a motion for summary judgment, request a pre-motion conference pursuant to the Court's individual rules.

Dated: May 3, 2013
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge