UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly          Case No.: 12-CV-7178(VB)
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

                                    Plaintiffs,

          -v-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

                                    Defendants.
-----------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION AND ISSUANCE OF NOTICE TO THE CLASS

### MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
(516) 328-8899

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..............................................................................1

    THE PUTATIVE COLLECTIVE ACTION MEMBERS WERE ALL SUBJECT TO    SIMILAR
    UNLAWFUL EMPLOYMENT PRACTICES.................................................1

    PROPOSED CLASS NOTICE SHOULD ISSUE.........................................9

## TABLE OF AUTHORITIES

**Cases**

*Alcantara v. CNA Management, Inc.,*
  264 F.R.D. 61 (S.D.N.Y. 2009) ........................................................................................10
*Avis Budget Car Rental,*
  2010 U.S. Dist. LEXIS 72563...........................................................................................8
*Bolanos v. Norwegian Cruise Lines Ltd.,*
  212 F.R.D. 144 (S.D.N.Y. 2002) .......................................................................................9
*Calderon v. King Umberto, Inc.,*
  892 F. Supp. 2d 456 (E.D.N.Y. 2012) .............................................................................10
*Cheng Chung Liang v. J.C. Broadway Rest., Inc.,*
  2013 U.S. Dist. LEXIS 73976 (S.D.N.Y. May 23, 2013)................................................10
*Cohen v.Gerson Lehrman Grp. Inc.,*
  686 F. Supp. 2d 317 (S.D.N.Y. 2010)................................................................................1
*Craft v. Ray's, LLC,*
  2009 U.S. Dist. LEXIS 90862 (S.D. Ind. Sept. 19, 2009) ...............................................7
*Damassia v. Duane Reade, Inc.,*
  2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 5, 2006) ...................................................5
*Enriquez v. Cherry Hill Mkt. Corp.,*
  2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012)...........................................1, 3
*Griffith v. Fordham Fin. Mgmt.,*
  2013 U.S. Dist. LEXIS 72909 (S.D.N.Y. May 22, 2013)..................................................8
*Guan Ming Lin v. Benihana N.Y. Corp.,*
  2012 U.S. Dist. LEXIS 186526 (S.D.N.Y. Oct. 23, 2012) ...............................................9
*Guzman v. VLM, Inc.,*
  2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. Oct. 11, 2007) .................................................6
*Harhash v. Infinity West Shoes, Inc.,*
  2011 U.S. Dist. LEXIS 96880 (S.D.N.Y. Aug. 24, 2011). ............................................3,6
*Iglesias-Mendoza v. La Belle Farm, Inc.,*
  239 F.R.D. 363 (S.D.N.Y. 2007) ..................................................................................1, 8
*Lewis v. Alert Ambulette Serv. Corp.,*
  2012 U.S. Dist. LEXIS 6269 (E.D.N.Y. Jan. 19, 2012) ...................................................3
*Mendoza v. Casa De Cambio Delgado, Inc.,*
  2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. Apr. 7, 2008)...................................................6
*Moore v. Eagle Sanitation, Inc.,*
  276 F.R.D. 54 (E.D.N.Y. 2011) .....................................................................1, 2, 6, 7, 10
*Noble v. 93 Univ. Place Corp.,*
  224 F.R.D. 330 (S.D.N.Y. 2004) .......................................................................................9
*Patton v. Thomson Corp.,*

　　364 F.Supp. 2d 263, 267 (E.D.N.Y. 2005) ..................................................................6
*Pippins v. KPMG LLP.*,
　　2012 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 3, 2012)....................................................5
*Ravenell v. Avis Budget Car Rental, LLC*,
　　2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. July 19, 2010) ............................................8
*Schwerdtfeger v. Demarchelier Mgmt.*,
　　2011 U.S. Dist. LEXIS 60338 (S.D.N.Y. June 6, 2011)..............................................8
*Shajan v. Barolo*,
　　2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. 2010) .......................................................10
*Sierra v. United States*,
　　1998 U.S. Dist. LEXIS 14135 (S.D.N.Y. Sept. 9, 1998)............................................5
*Sobczak v. AWL Indus.*,
　　540 F. Supp. 2d 354. 363 (E.D.N.Y. 2007) ..............................................................5
*Summa v. Hofstra Univ.*,
　　715 F. Supp. 2d 378 (E.D.N.Y. 2010) .......................................................................2
*Wraga v. Marble Lite, Inc.*,
　　2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006).........................................10
*Wraga v. Marble Lite, Inc.*,
　　2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. 2006).........................................................6
*Zheng Fang v. Yongjing Zhuang*,
　　2010 U.S. Dist. LEXIS 133618, at *7-8 (E.D.N.Y. Dec. 2010) .................................1
*Zivali v. AT&T Mobility LLC*,
　　646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009)................................................................2

## PRELIMINARY STATEMENT

Plaintiffs (collectively, the "Plaintiffs") submit this Memorandum of Law in further support of their motion for conditional certification of a Fair Labor Standards Act (FLSA) collective action, on behalf of themselves and all other similarly situated current and former employees of Defendants.

## I.   THE PUTATIVE COLLECTIVE ACTION MEMBERS WERE ALL SUBJECT TO SIMILAR UNLAWFUL EMPLOYMENT PRACTICES.

### A. **Plaintiffs' Sworn Affidavits Are Sufficient for Collective Action Notice to Issue.**

Defendants argue that the motion should be denied because only named plaintiffs have submitted affidavits. Courts very frequently grant motions for conditional certification that rely on sworn affidavits by the named plaintiffs. *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011) (listing cases); *Cohen v.Gerson Lehrman Grp. Inc.,* 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010) ("The complaint and [plaintiff's] Affidavit are sufficient to warrant preliminary certification of a collective action in this case"); *Zheng Fang v. Yongjing Zhuang*, 2010 U.S. Dist. LEXIS 133618, at *7-8 (E.D.N.Y. Dec. 2010) (one affidavit sufficient); *Iriarte v. Redwood Deli & Catering, Inc.*, 2008 U.S. Dist. LEXIS 50072, at *9 (E.D.N.Y. June 30, 2008); *Zhao v. Benihana, Inc.*, 2001 U.S. Dist. LEXIS 10678, at *12 (S.D.N.Y. May 7, 2001).

Judge Block in *Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012) also noted that courts routinely allow plaintiffs to rely on their own declarations for purposes of conditional certification. *Id. citing Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class.")

Based upon well-settled law, Plaintiffs affidavits are sufficient to warrant certification of a collective action.

In any event, an additional former employee has stepped forward since Plaintiffs filed the instant motion and has provided an affidavit in further support of the instant motion. Plaintiffs attach an affidavit of Edward Brady ("Brady") describing how was also denied overtime wages, denied wages for all hours worked and denied meal and rest breaks just as the Plaintiffs state in their affidavits in support of this motion. *See* Declaration of Michael J. Mauro at Exhibit A. Brady additionally supplies the names of seven other employees that he personally was aware whom were also not paid overtime wages at Defendants various locations, denied wages for all hours worked and denied meal and rest breaks. *Id at* ¶¶ 18, 21.[1] Brady will be joining the lawsuit.

Plaintiffs have provided ample evidence exceeding the "modest showing" that is required of them to warrant the certification of a collective action.

### B. Plaintiffs' affidavits do not suffer any evidentiary infirmities.

#### 1. Plaintiffs' conversations with other employees are sufficient for class notice.

Defendants attack the reliability of the affidavits. Courts do not assess the veracity of an affidavit's allegations using typical evidentiary standards; content that might be "hearsay" under the Federal Rules of Evidence is nonetheless worthy of consideration in an affidavit presented in support of a motion for conditional certification. *Moore*, 276 F.R.D. at 59; *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 386 n. 6 (E.D.N.Y. 2010) ("Defendant's argument that [plaintiff's] affidavit is insufficient to support conditional certification because it contains conclusory allegations and hearsay is unpersuasive"); *Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658,

---

[1] Brady's declaration addresses issues raised in Defendants' opposition and is therefore properly before the Court. *Gayle v. Harry's Nurses Registry*, 2012 U.S. Dist. LEXIS 133279, *4-5 (E.D.N.Y. Sept. 14, 2012).

662 (S.D.N.Y. 2009). Indeed, "the standard governing [conditional] certification … is relatively permissive since the motion comes before discovery has commenced in earnest." *Zivali*, 646 F. Supp. 2d at 662. It is "sufficient for conditional certification that plaintiffs attest to knowledge of similarly situated co-workers or complain of a company-wide policy." *Lewis v. Alert Ambulette Serv. Corp.*, 2012 U.S. Dist. LEXIS 6269, at \*19 (E.D.N.Y. Jan. 19, 2012) (Weinstein, J.).

Judge Preska succinctly defined the leniency in assessing affidavits at the conditional stage in *Williams v. Twenty Ones, Inc.*, by stating that "[p]laintiffs' burden at this stage of the litigation is "minimal" and "very lenient." 2008 U.S. Dist. LEXIS 117546, \*6 (S.D.N.Y. June 29, 2008). Judge Preska continued by stating that objections to the reliability of the affidavits are entirely fact-intensive, merits-based arguments that are inappropriate at the conditional stage. *Id.*

Plaintiffs allege in detail that employees at Defendants' places of operation are all paid in the same manner, suggesting a company-wide policy. Plaintiffs clearly explain the source of their knowledge, i.e conversations with other employees. Courts in this circuit routinely find such conversations sufficient in granting conditional certification despite objections regarding hearsay.

The Hon. Fredric Block in *Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012) rejected the same argument advanced by Defendants here that the conversations between the affiants and other employees were insufficient hearsay:

> Notwithstanding the defendants' objections, the averments of conversations with co-workers who complained about not receiving overtime satisfy the Court that there are other Cherry Hill employees with potential FLSA claims against the defendants. That is all that is required to warrant conditional certification.

*Id.* at \* 5.

Indeed, Judge Batts in *Harhash v. Infinity West Shoes, Inc.*, 2011 U.S. Dist. LEXIS 96880 (S.D.N.Y. Aug. 24, 2011) granted conditional class certification in part based on

plaintiffs' statements that they had spoken with or knew of other sales employees of defendants' shoe stores that complained of the same compensation policies.

The case law is replete with instances of affidavits with identical statements by plaintiffs citing their knowledge of a common policy of failure to pay overtime based on conversations with other employees. Consequently, Plaintiffs have amply demonstrated that Defendants subjected Plaintiffs and other employees to the same policy and the motion must be granted.

Notably, while Defendants launch an irrelevant attack on the merits of Plaintiffs' affidavits, the affidavit Defendants' submit in opposition lacks credibility. The affidavit is purportedly submitted by someone named Seth Turner. Seth Turner does not identify what his purported position is for Defendants or how he has knowledge of the information he declares to possess. Is he a manager of drivers and helpers that would have provided him with the knowledge of the information contained in the affidavits? The omission of identifying language renders the affidavit spurious and should not be considered.

Additionally, Turner's affidavit supports Plaintiffs' affidavits and the Complaint allegations. Critically, Turner does not refute the allegations that employees' times are not recorded or that employees are not paid overtime at the premium rate. Conspicuously, he does not affirm that employees' times are tracked in accordance with the law nor does he affirm that employees are paid for overtime at one and one-half their regularly hourly rate. These are all facts that can be verified through discovery. Turner also fails to refute the allegation that employees do not receive the full supplemental benefit under the prevailing wage law for work on municipal contracts. Since Turner is describing Defendants practices as they relate to all employees Turner's affidavit is strong evidence that all employees are subject to the same policy of failing to properly record employees' hours of work and failing to pay overtime at the proper

4

pay rate.  But none of this is a surprise because Defendants contend that they did not have to pay overtime because of an alleged exemption to the FLSA.   As such, Defendants' purported application of an alleged proper exemption is the strongest evidence of a common policy not to pay overtime thereby establishing that all of Defendants' employees were subject to a common policy of not being paid overtime requiring certification of the collective action. *Pippins v. KPMG LLP.*, 2012 U.S. Dist. LEXIS 949, at *1 (S.D.N.Y. Jan. 3, 2012) ("if defendants admit that the actions challenged by plaintiffs reflect a company-wide policy, it may be appropriate to find plaintiffs similarly situated based solely on plaintiffs' substantial allegation") (citing *Damassia v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS 73090, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006)).

Consequently, Plaintiffs have more than sufficiently demonstrated that they are similarly situated to other employees and the instant motion must, respectfully, be granted.[2]

### 2.  Plaintiffs have sufficiently set forth the improper wage practices all employees performing as drivers and helpers are subjected to by Defendants.

Defendants assert that the affidavits offered by Plaintiffs in support of this motion are insufficient to establish the required factual nexus here because they contain insufficiently detailed descriptions of the alleged failure by defendants to pay wages in accordance with the FLSA. This argument is without merit and similar arguments have been explicitly rejected by other courts. *See, e.g., Sobczak v. AWL Indus.*, 540 F. Supp. 2d 354, 363 (E.D.N.Y. 2007) (stating that "[d]efendants' argument that the [plaintiffs'] affidavits are insufficient to satisfy the

---

[2] Defendants' accusation in footnote 5 of the Turner affidavit that this lawsuit is retaliation for Defendants bringing some lawsuit against a company not party to this action is scurrilous at best. Cardenas does not work for the non-party company. *See* Cardenas Decl., ¶ 6, attached to Declaration of Michael J. Mauro. Defendants have admitted that they do not pay overtime and the affidavits and declarations submitted in support of the instant motion set forth other violations of wage and hours laws, e.g. shaving time, not paying time for all hours worked, not providing meal breaks, not recording hours worked, unlawful deductions from wages. Plaintiffs request that the Court under its inherent power strike the Turner affidavit at the very least for making such a baseless accusation. *Sierra v. United States*, 1998 U.S. Dist. LEXIS 14135, at *27 (S.D.N.Y. Sept. 9, 1998).

burden for a notice to be sent because they present mere conclusory allegations is inaccurate");
*Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457, at *2 (E.D.N.Y. 2006); *see also*
*Harhash v. Infinity West Shoes, Inc.*, 2011 U.S. Dist. LEXIS 96880, at *3-4 (S.D.N.Y. Aug. 24, 2011).

Here, Plaintiffs have described with sufficient detail their understanding that other drivers and helpers employed by Defendants worked more than 40 hours and were not paid based upon observations and conversations with other employees. Consequently, Plaintiffs have set forth details sufficient to warrant conditional certification. *Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817, at *4 (E.D.N.Y. Oct. 11, 2007) ("It is hardly realistic, or consistent with the lenient standards of the notice phase of FLSA litigation, to expect plaintiffs to have any more specific knowledge of how much their coworkers are paid than [allegations of conversations with named individuals in which those individuals claimed not to have been paid overtime].")

Judge Tomlinson in *Moore v. Eagle Sanitation, Inc.* rejected the same argument Defendants' raise here that the proffer of only affidavits from plaintiffs with alleged conclusory assertions required denial of the motion. 276 F.R.D. 54, 59 (E.D.N.Y. 2011); *Patton v. Thomson Corp.*, 364 F.Supp.2d 263, 267 (E.D.N.Y. 2005) (granting conditional FLSA certification where only the named Plaintiff submitted affidavit).

The *Moore* case is particularly noteworthy because Judge Tomlinson dispatched the defendants' citation to *Mendoza v. Casa De Cambio Delgado, Inc.*, 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. Apr. 7, 2008), a case cited by Defendants in this case, for the proposition that the proffered affidavits are too thin to meet the minimal standard at issue. Judge Tomlinson distinguished *Mendoza* by citing to the fact that in *Mendoza* the plaintiffs did not provide any

6

factual nexus to employees of defendants who were not plaintiffs to the litigation. 276 F.R.D. at 58-59) .

As in *Moore*, *Mendoza* is inapposite here. The affidavits of the Plaintiffs here specifically link the common policy of wage denial with other putative employees. (*see* Cardenas Aff.¶ 11; *see also* Brady Declaration at ¶ 18, 20; Cardenas Declaration, ¶¶ 4, 5[3]) and therefore are sufficient to warrant certification of the collective action. *Moore*, 276 F.R.D. at 59 ("In contrast, in the present case, the Plaintiffs' affidavits provide specific allegations that other employees who performed the same or similar work were not paid appropriate overtime compensation.") Judge Tomlinson further distinguished *Mendoza* on the grounds that the affidavits in Mendoza contradicted the employees' allegations in the Amended Complaint – a situation not present here. *Id*. Defendants' citation to *Mendoza* here should be ignored.[4]

*Moore* is also notable because plaintiffs, like Plaintiffs here, were drivers and helpers of the defendant carting company, like Defendants here. Defendants raised the same arguments in opposing conditional certification sought by plaintiffs. As set forth above, the court followed Second Circuit precedent and granted the motion. 276 F.R.D. at 62. Plaintiffs respectfully request that *Moore* should be found as controlling and the instant motion be granted.[5]

### 3. Differences in rates of pay, work locations and times of shift working hours are insufficient are irrelevant to the similarly situated analysis.

Defendants assert that Plaintiffs are not similarly situated to one another, or to the putative members of the collective, because they worked dissimilar hours, at different location and their wages fell at various points along a wide-ranging spectrum. Judge Crotty in *Griffith v.*

---

[3] Declaration of Gustavo Cardenas attached to the Declaration of Michael J. Mauro as Exhibit B.
[4] It is worth noting that Judge Baer in *Mendoza* denied plaintiffs' motion without prejudice. 2008 U.S. Dist. LEXIS 27519, *9.
[5] Although an out-of-circuit case, *Craft v. Ray's, LLC,* 2009 U.S. Dist. LEXIS 90862 (S.D. Ind. Sept. 19, 2009) provides additional support of the instant motion as it presents similar facts: drivers and helpers of a carting company who prevailed on their motion for conditional certification against defendant carting company.

*Fordham Fin. Mgmt.*, 2013 U.S. Dist. LEXIS 72909 (S.D.N.Y. May 22, 2013) rejected this argument noting undisputed precedent, "[T]he relevant issue here, however, 'is not whether Plaintiffs and potential opt-in plaintiffs were identical in all respects, but rather whether they were subjected to a common policy." *Id.* at *9.

When collective action members hold different positions and have different responsibilities but are paid in the same way, conditional certification is appropriate despite the distinctions. *Schwerdtfeger v. Demarchelier Mgmt.*, 2011 U.S. Dist. LEXIS 60338, at *12-13 (S.D.N.Y. June 6, 2011) (listing cases). Indeed, a defendant cannot defeat conditional certification by "merely describ[ing] all the ways in which plaintiff's exact day-to-day tasks differ." *Avis Budget Car Rental*, 2010 U.S. Dist. LEXIS 72563, at *15 (internal quotation omitted). Therefore, Defendants argument about different work performed at different locations is inapposite and the motion must be granted. Similarly, Defendants' argument that employees operated out of different locations prevent a finding of similarly situated is meritless. Courts regularly grant conditional certification on behalf of plaintiffs employed at one facility for a company with multiple facilities. *Ravenell v. Avis Budget Car Rental, LLC*, 2010 U.S. Dist. LEXIS 72563, at *11-12 (E.D.N.Y. July 19, 2010).

Particularly instructive is *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007). In that *Iglesias-Mendoza*, the named plaintiffs had worked at only one facility and held only one position, but the court granted conditional certification for employees in multiple positions at all of the defendants' facilities. *Id.* The court granted conditional certification as to all facilities simply on the basis of named plaintiff declarations setting forth "some of the factual bases for their claims." *Id.* Even under the stricter Rule 23 inquiry, a group of employees who worked on some but not all of a cruiseline's ships were similar enough to warrant class certification. *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 157-58

(S.D.N.Y. 2002). Therefore, whether Plaintiffs and putative class members worked at different locations is irrelevant and conditional certification is warranted.

In light of the case law above, Defendants clearly fail to meet the high burden imposed on a party opposing FLSA conditional certification. Consequently, the motion must be granted.

### 4. The Possibility of Individualized Damages Is Not an Individualized Defense and Therefore is Not Relevant to the Similarly Situated Inquiry.

It is no surprise that in this case the collective action members will be entitled to different damages amounts. Such distinctions exist in virtually every case, since collective action members work for different amounts of time get paid different hourly rates, etc. These individualized *damages* do not constitute an individualized *defense*. What matters is that the damages due to each collective action member stem from the same unlawful policy. *Guan Ming Lin v. Benihana N.Y. Corp.*, 2012 U.S. Dist. LEXIS 186526 (S.D.N.Y. Oct. 23, 2012); *see also Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y. 2004).

Here, Plaintiffs and the putative collective action members will be entitled to differing amounts, since they worked for different amounts of time, at different hourly rates. However, each individual's right to damages arises from the same unlawful policy. Numerical differences in potential damage amounts have no bearing on the Court's 'similarly situated' inquiry and the motion must be granted.

## POINT II

## PROPOSED CLASS NOTICE SHOULD ISSUE

Defendants' interpose only two specific objections to the proposed notice. The first is a vague statement that the language used to describe the putative collective action is "not fair and accurate". This vague objection should be disregarded as there is no explanation of how the language is "not fair and accurate". The second objection is that there is a failure to inform

9

potential plaintiffs that they might be ineligible for overtime because of an exemption under the Motor Carrier Act. This objection has been categorically rejected and therefore must be rejected here. *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, *15-16 (denying defendants' request that the notice include reference to the Motor Carrier Act Exemption). Since defendants have not objected to any of Plaintiffs' ancillary requests they are deemed unopposed and should be granted. *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, 2013 U.S. Dist. LEXIS 73976 (S.D.N.Y. May 23, 2013) (Griesa, J.).

Plaintiffs' request Defendants provide the Plaintiffs with the name and address of all potential class members for a six year period is unopposed and therefore should be produced.[6] *Accord Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 60 (E.D.N.Y. 2011) (ordering Defendants to provide contact information for all employees for a six year period.) Consistent with precedent Plaintiff should provide in computerized spreadsheet form, the name, last known mailing address, telephone number, and dates of employment of each putative party plaintiff to facilitate the distribution of notices within 10 days of date this motion is granted. *Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 464-465 (E.D.N.Y. 2012); *Shajan v. Barolo*, 2010 U.S. Dist. LEXIS 54581, *3-4 (S.D.N.Y. 2010).

Dated: June 13, 2013          **MILMAN LABUDA LAW GROUP PLLC**
                              *Attorneys for Plaintiffs*

                              By: /s/_____
                                  Michael J. Mauro, Esq.
                                  Matthew A. Brown, Esq.

---

[6] Plaintiffs' pendent overtime claim under state law has a six year statute of limitations. Federal courts frequently use supplemental jurisdiction over the state law claim and apply the six year period in order to provide all potential class members notification in the interest of judicial economy. *Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006); *Alcantara v. CNA Management, Inc.*, 264 F.R.D. 61, 66-67 (S.D.N.Y. 2009); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998).