UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTESY COPY

------------------------------------------------------------------X

GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

       Plaintiffs,

 -v-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

       Defendants.

------------------------------------------------------------------X

Case No.: 12-CV-7178(VB)

DECLARATION OF
MICHAEL MAURO, ESQ.
IN SUPPORT OF
PLAINTIFFS'
MOTION FOR
COLLECTIVE
ACTION

  I, Michael J. Mauro, Esq., pursuant to 28 U. S.C. § 1746 and Local Civil Rule 1.10 of the U.S. District Court for the Southern District of New York, declares as follows:

1. Attached hereto as Exhibit A is a true and accurate copy of Edward J. Brady's Declaration in further support of Plaintiffs' Motion for Collective Action.

2. Attached hereto as Exhibit B is a true and accurate copy of Gustavo Cardenas's Declaration in further support of the instant motion.

Dated: June 14, 2013
Lake Success, NY                    **MILMAN LABUDA LAW GROUP PLLC**

/s/_____
Michael J. Mauro, Esq.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

Case No.: 12-CV-7178

AFFIDAVIT

          Plaintiffs,

-v-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

          Defendants.
------------------------------------------------------------X

STATE OF NEW YORK   )
            ) ss.:
COUNTY OF WESTCHESTER )

  Edward J. Brady III, pursuant to 28 U.S.C. § 1746 declares as follows:

  1. I am a resident of the state of New York. I am a potential class plaintiff in this action and I submit this affidavit in further support of Plaintiffs' motion to the Court for an order permitting court supervised notification to potential class members.

2. I make this request to the Court because I am one of approximately 60 employees of Defendants, AAA Carting and Rubbish Removal Corp., and/or Pasquale Cartalemi, Pasquale Cartalemi, Jr. and Angelo Cartalemi, individuals (hereinafter referred to as "defendants"), within the last three (3) years who I believe were not properly compensated for their overtime wages just like me.

3. The Defendants were and still are in the sanitation business in Westchester County, State of New York.

4. I seek payment of unpaid wages, including time worked that was not paid for, unpaid overtime pay, damages for being denied time off for meals and breaks, and any wages and supplemental benefits for work performed under prevailing wage contracts.

5. I was employed by the Defendants from in or about June 17, 2012 until in or about April 10, 2013. I believe I was fired because the Defendants were under the impression that I would sign a card to join a union which was organizing their employees.

6. On or about June 17, 2012, I met with an employee of Defendants named Seth (LNU), who told me to start working on that Monday at 5:00 a.m. He did not advise me of what my wages would be for my employment. I was advised of what my wages would be approximately two (2) weeks after my employment began. I have been advised that the employer was supposed to notify me in writing of my wage rates and overtime rates under the New York Labor Law.

7. At no time during my employment was I provided with any notice regarding my wage rate, overtime rates, or any credits taken from my pay by Defendants. Moreover, my paychecks did not reflect any line items for deductions taken from my pay as I understand the law requires. In fact, at the end of 2012, I had to repeatedly demand that Defendants provide me with a Form W-2 so I could pay my taxes as required by law.

8. I was hired to the position of helper.

9. On December 1, 2012, I was promoted to a position as a driver.

10. For the first week of my employment, I was stationed at the Defendants' Putnam Valley location.

11. For the rest of my employment, I was stationed at the Defendants' Brewster location. I was paid my regular hourly rate for all hours worked, although I often worked over forty (40) hours per week. Any overtime I worked was paid in cash, but at my regular hourly rate, not at an overtime premium at one and one-half times my regular rate.

12. As a helper, from approximately June 2012 through December 2012, I punched in at 5:00 a.m. each day. However, it took an hour to ride to the location where I worked, and an hour at the end of the day to ride back to the Defendants' premises. Defendants did not pay me for that time and in fact deducted approximately ten (10) hours from my paid time because I did not get paid for the time after I punched in and before I punched out for which I was travelling to and from the Defendants' yard.

13. Although my time card reflected that I worked approximately forty-five (45) up to fifty-five (55) hours per week, I was paid for approximately thirty-five (35) up to forty-five (45) hours per week.

14. Throughout my employment, either as a helper or a driver, I had no set hours, but regularly worked five (5) days per week, Monday through Friday. I regularly punched in at approximately 5:00 a.m. and punched out between 2:00 p.m. and 4:00 p.m.

15. I trained to become a driver because I wanted to be paid for all hours I was worked, and I was tired of Defendants reducing my paid hours by ten (10) hours per week as a helper, even though I should have been paid for those ten (10) hours for which I had reported I worked. For

two (2) weeks prior to December 1, 2012, Defendants did not pay me for four (4) hours per week which I reported to them. After December 1, 2012, they paid me for all hours I reported. After January 1, 2013, Defendants did not pay me for two (2) hours per week which I reported to them.

16. My primary job duties as a driver included driving, picking up, hauling and dumping private garbage containers. I never drove outside of New York.

17. I know that throughout my employment for Defendants, almost all of Defendants' employees worked in excess of forty (40) hours a week because they either had similar schedules to me or they told me they worked in excess of forty (40) hours per week.

18. I know that at any one time, the Defendants employed approximately 60 employees including Jason Jackson, Shawn (last name unknown), Chris Costa, Charles (last name unknown), Derrick (last name unknown), Wayne Taylor, and Frank Senimene, and other former co-workers whose names I currently do not remember, whose job duties, like me, included driving, picking up, hauling and dumping private garbage containers.

19. I was never properly compensated for those hours I worked in excess of forty (40) per week for the Defendants.

20. I am advised by my attorneys that I should have been paid at time and one-half per hour for all hours worked in excess of forty (40).

21. I also know that the Defendants did not properly compensate my former co-workers Jason Jackson, Shawn (last name unknown), Chris Costa, Charles (last name unknown), Derrick (last name unknown), Wayne Taylor, and Frank Senimene for overtime they performed because we specifically discussed this matter amongst ourselves. Those people worked at Defendants' various locations, including where I worked out of as far as I know.

22. I believe that my former co-workers are fearful to bring this case on their own, for fear of being retaliated against by the Defendants, in that they are fearful of being harassed, having their hours of work decreased, and/or being terminated.

23. I intend to join this lawsuit should this Court permit me to, in order to recover wages owed to me by Defendants, and I anticipate that other current and former of the Defendants' employees will join this litigation if they are provided with notice and an opportunity to join.

*[signature]*
Edward J. Brady III

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

Case No.: 12-CV-7178

**DECLARATION**

                                                     **Plaintiffs,**

-v-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

                                                   **Defendants.**
----------------------------------------------------------------X

STATE OF NEW YORK        )
                                  )  ss.:
COUNTY OF WESTCHESTER  )

      GUSTAVO CARDENAS, pursuant to 28 U.S.C. § 1746 declares as follows:

    1. I am a resident of the state of New York. I am a class representative in this action and I submit this affidavit in support of Plaintiffs' motion to the Court for an order permitting court supervised notification to potential class members.

2. I am aware someone named Seth Turner submitted an affidavit saying there is no way that I spoke to any other employee at Defendants.

3. He is wrong.

4. I have spoke to employees including a helper named Hector (last name unknown). I am aware that he was paid a salary of between $300 and $400 per week no matter how many hours he worked. He worked more than 40 hours per week frequently while I was employed there.

5. I also visited the Defendants' location in Peekskill regarding vehicle repairs. Employees in the shop complained about working many hours and not getting paid overtime.

6. Turner claims that I work at R & S Waste Services. I do not work at R & S Waste Services. Turner does not know what he's talking about.

7. Turner did not refute the fact that I was not paid overtime at one and one-half my regular rate of pay or that other employees were not paid overtime at one and one-half their regular rate.

8. Turner did not refute the fact that I did not receive meal breaks.

9. Turner did not refute the fact that Defendants did not accurately record my hours or the hours of other employees.

_____
Gustavo Cardenas