


**MILMAN LABUDA LAW GROUP PLLC**
3000 Marcus Avenue
Suite 3W8
Lake Success, New York 11042

Telephone (516) 328-8899
Facsimile (516) 328-0082

*Via Facsimile (914) 390-4170*

June 20, 2013

Hon. Vincent L. Briccetti, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
Chambers 533
White Plains, NY 10601-4150

Re: *Cardenas, et al. v. AAA Carting and Rubbish, et al.*
12-cv-7178

*Clerk instructed to docket this letter.*
*So Ordered:*
[signature] USDJ
8/9/13

Dear Judge Briccetti:

This firm represents the Plaintiffs' in the above-referenced matter. Defendants request that an affidavit submitted by Plaintiffs' in further support of their motion for collective action under § 216(b) of the FLSA be struck. The request must be denied for two reasons.

First, the request is brought procedural improper so it must be disregarded.

Second, Defendants have not cited any authority for the requested relief. Defendants' citation to *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110 (2d Cir. N.Y. 1999) is inapposite. The case dealt with an opening brief's failure to comply with FRAP 28. Moreover, it is factually distinguishable because there was no discussion of central contentions of the claims – certainly not the case here since the issue of a common scheme of wage violations was squarely addressed. Finally, the case states the bare proposition regarding raising new arguments in a reply brief, which, as discussed below is not the case.

Third, Defendants basic premise that the affidavit presents a new argument is wrong. Although "new issues may not be raised for the first time in reply," *Sabre v. First Dominion Cap., LLC*, 2002 U.S. Dist. LEXIS 22193, at *3 (S.D.N.Y. Nov. 15, 2002), "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party," *Kowalski v. YellowPaees.com, LLC*, 2012 U.S. Dist. LEXIS 46539, at *10 (S.D.N.Y. Mar. 31, 2012). In *Gayle v. Harry's Nurses Registry*, 2012 U.S. Dist. LEXIS 133279 (E.D.N.Y. Sept. 14, 2012), the plaintiffs' reply affidavit in further support of its motion for summary judgment on FLSA claims, addressed issues raised by defendants in their

opposition regarding time sheets and payroll practices. The plaintiffs submitted evidence addressing those issues through an affidavit and related argument; the court denied defendants' motion to strike plaintiffs' reply on the grounds of new evidence since the new evidence responded precisely to the defendants' arguments.

Plaintiffs contended in their opening brief that Defendants subject all of their employees to a common scheme to deprive employees of overtime, mandated break periods and pay for all hours worked. Defendants challenged the assertions in their opposition brief and arguing that there was no way a common plan could be known by employees because they worked different hours at different time at different locations. Plaintiffs refuted Defendants' assertion with an affidavit from a former employee of Defendants, Edward Brady. The provision of such an affidavit does not constitute a "new argument" consistent with precedent. In fact, Plaintiffs cited *Gayle* in their reply affidavit, which has been conveniently ignored by Defendants.

Oddly, Defendants admit that no new arguments were raised because they state that the Brady affidavit just provides "more specific version" of the allegations provided by the Cardenas and Vargas affidavits. By simple logic, if they were aware of general allegations from Cardenas and Vargas, then more specific information does not constitute something new and unheard of. In other words, Defendants are not claiming that the Brady affidavit provided allegations broader than raised by Cardenas and Vargas. As such, no new arguments or evidence has been advanced. *Gayle*, 2012 U.S. Dist. LEXIS 133279, *5 ("Defendants themselves state in their brief in support of their motion to strike "that the explanations included in Plaintiffs' reply papers are exactly what Defendants cited as lacking in the Plaintiffs' original motion papers in support.")

Fourth, Defendants fail to state how they have been prejudiced by the alleged new arguments or what evidence they would have presented to the Court had it been aware of the Brady affidavit.

Moreover, Courts in this Circuit have acknowledged the right of plaintiff's moving for conditional certification of a collective class to cure deficiencies with affidavits. See, e.g., Ritz v. Mike Rory Corp., 2013 U.S. Dist. LEXIS 67840 (E.D.N.Y. May 13, 2013) (granting conditional certification only after plaintiff cured the deficiencies in his affidavit); Zhang v. Bally Produce, Inc., 2013 U.S. Dist. LEXIS 57544 (E.D.N.Y. Apr. 22, 2013) (denying conditional certification where a plaintiff failed to amend his affidavit to cure deficiencies). Here, Plaintiffs maintain that the original affidavits offered in support of their motion were not deficient and meet their small burden for the Court to grant the motion. *Assuming argumendo* that Plaintiffs' initial affidavits failed to meet this burden, they were entitled to supply affidavits in further support of their initial moving papers in an effort to cure those deficiencies and have the motion granted.

Fifth, as noted in the reply brief, Brady only stepped forward after Plaintiffs filed their moving brief. Therefore, Plaintiffs did not have an affidavit from Brady to use in the moving papers.

Accordingly, Plaintiffs' respectfully request that this Court deny Defendants' letter motion to strike the affidavit of Edward Brady in further support of Plaintiffs' motion for conditional certification.

Thank you.

Respectfully Submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/_____
Michael J. Mauro, Esq.

Cc: Nicholas Caputo, Esq. via fax at (212) 956-2164
Michael Eisenberg, Esq. via fax at (212) 956-2164