

RECEIVED JUN 18 2013 CHAMBERS OF VINCENT L. BRICCETTI JUDGE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 8/9/13

# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE, 9TH FL.

NEW YORK, NEW YORK 10022

(212) 603-6300

FAX (212) 956-2164

June 18, 2013

Clerk instructed to docket this letter. So ordered!
VBee  ulos
8/9/13

**VIA FACSIMILE**

Honorable Judge Vincent L. Briccetti
United States District Court
Southern District of New York
Federal Building and US Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: Gustavo Cardenas, et al. v. AAA Carting and Rubbish
Removal Corp., et al.
<u>Civil Action No.: 12-Civ-7178</u>

Dear Judge Briccetti:

We represent AAA Carting and Rubbish Removal, Inc. ("AAA Carting"), Pasquale Cartalemi, Pasquale Cartalemi, Jr., and Angelo Cartalemi ("Defendants") in the above-referenced action pending before Your Honor. We respectfully submit this letter to object, and ask Your Honor to strike, the undated affidavit of Edward J. Brady, III ("Brady Affidavit") submitted by Plaintiffs with their Reply on the motion for collective action certification (the "Motion").

In their opposition to Plaintiffs' motion, Defendants highlighted legal insufficiencies in Plaintiffs' moving papers and the evidence set forth in support of certification. For example, Defendants' argued that Plaintiffs submitted affidavits containing nearly identical boilerplate language, rather than specific recitations of fact pertinent to the particular affiant. Defendants also pointed out that Plaintiffs only submitted affidavits of a mere two of the four named plaintiffs, and failed to allege or identify any members of the putative class that had demonstrated interest in joining the class action law suit.

{00629303.DOC;1 }

Honorable Vincent L. Briccetti
June 18, 2013
Page 2

    In Reply, for the first time, Plaintiffs submitted the Brady Affidavit, apparently to cure some of the defects that Defendants raised in their opposition. The Brady Affidavit <u>does not reply</u> to the arguments raised in opposition, but instead, is simply a more specific version of the affidavits of Gustavo Cardenas and Salvatore Naranjo Vargas that Plaintiffs originally filed in support of the Motion. Additionally, Brady asserts that he is a member of the putative class who would be interested in joining this action should it be certified. However, the time for Plaintiffs to have identified Brady (or any other putative plaintiff) was in their moving papers, not on Reply. As such, the Brady affidavit constitutes new evidence and should not be considered by the Court in its decision of the motion.

    In fact, Defendants anticipated that Plaintiffs might attempt to cure their defects in such a manner, and provided notice in their Memorandum of Law in Opposition that, "[t]o the extent Defendants identify insufficiencies in plaintiffs' moving papers, they may not be remedied by advancing new arguments on Reply." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. N.Y. 1999)". Notwithstanding being aware of Defendants' objection, Plaintiffs persisted in submitting a new affidavit and making new arguments for the first time on Reply that should have been submitted with their moving papers had they wished the Court to consider them. Therefore the Court should strike the Brady Affidavit.

    Thank you for your kind attention to this matter.

                              Respectfully submitted,

                              ROBINSON BROG LEINWAND GREENE
                              GENOVESE & GLUCK P.C.

                              By:   /s/
                                    Nicholas Caputo

cc    Via Facsimile:

Michael J. Mauro, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
V: (212) 328-8899
F: (516) 328-0082
Attorney for Plaintiffs

{00629303.DOC:1 }