UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GUSTAVO CARDENAS, JUSTINO NARANJO  :
VARGAS, SALVATORE NARANJO VARGAS,  :
RUBIN NAVA, Individually and on behalf of  :
other persons similarly situated who were  :
employed by AAA CARTING and RUBISH  :
REMOVAL CORP., and/or PASQUALE  :
CARTALEMI and PASQUALE  :
CARTALEMI, JR., ANGELO CARTALEMI, or  :
any other entities affiliated with or controlled by  :
AAA CARTING and RUBBISH REMOVAL  :
CORP. and PASQUALE CARTALEMI,  :
                        Plaintiffs,  :
                          :   **MEMORANDUM DECISION**
v.   :
                          :   12 CV 7178 (VB)
AAA CARTING and RUBISH REMOVAL  :
CORP. and PASQUALE CARTALEMI and/or  :
PASQUALE CARTALEMI and PASQUALE  :
CARTALEMI, JR. and ANGELO CARTALEMI  :
or any other entities affiliated with or controlled by  :
AAA CARTING and RUBBISH REMOVAL  :
CORP. and PASQUALE CARTALEMI,  :
PASQUALE CARTALEMI, JR., and ANGELO  :
CARTALEMI, and JOHN DOE BONDING  :
COMPANIES 1-20, and John and Jane Does,  :
                        Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs Gustavo Cardenas, Justino Naranjo Vargas, Salvatore Naranjo Vargas, and

Rubin Nava were formerly employed by defendants as carting or sanitation workers. Plaintiffs

bring this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law,

contending defendants maintained a policy and practice of failing to pay their employees

minimum wages and overtime compensation, failing to pay prevailing wages for work performed

1

on behalf of municipalities, and failing to pay for "off the clock" time and time for meals. Pending before the Court is plaintiffs' motion to certify this action as a collective action with respect to plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

For the following reasons, plaintiffs' motion is GRANTED.

## DISCUSSION

I.  Certification of Collective Action

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). The named plaintiffs must be "similarly situated" to the proposed members of the class, and proposed class members must "opt in" and consent in writing to being a party to the action. Id.

"[A]pproval of a collective action under the FLSA involves a two-step inquiry." Masson v. Ecolab, Inc., 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005) (citing Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003); Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)). "In the first step, the court examines the pleadings and affidavits of the proposed collective action and determines whether the proposed class members are 'similarly situated.' If they appear to be, the court 'conditionally certifies' the class. Putative class members are given notice and the opportunity to 'opt in' and the action proceeds as a representative action through discovery." Id. (citations omitted). The second step typically occurs after discovery has been completed. At that time, the employer can move to decertify the class if discovery reveals the class members are not, in fact, similarly situated. Morales v. Plantworks, Inc., 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006); Masson v. Ecolab, Inc., 2005 WL 2000133, at *14.

In FLSA collective actions, "district courts have broad discretion to grant certification, to allow discovery, and to regulate notice." Morales v. Plantworks, Inc., 2006 WL 278154, at *2. "Thus, at this early stage in the litigation, the threshold question for the Court is whether circumstances exist to warrant the exercise of this discretion or, in other words, whether plaintiffs have demonstrated that the potential class members are 'similarly situated' to them." Id.

Although the FLSA does not define "similarly situated," courts in this Circuit "have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (collecting cases); see also Jackson v. N.Y. Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("[P]laintiffs need merely provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist. (internal quotation marks omitted)). "The burden on plaintiffs is not a stringent one." Hoffmann v. Sbarro, Inc., 982 F. Supp. at 261.

Here, plaintiffs have met their burden. In their complaint and supporting affidavits, plaintiffs allege defendants had a company-wide policy of (1) requiring employees to work more than forty hours per week without paying them minimum wage or providing them with overtime compensation; (2) failing to pay employees prevailing wages when such wages were required by law; and (3) not paying employees for "off the clock" time and time for meals. Additionally, two of the named plaintiffs have submitted affidavits in which they set forth the factual bases for their claims and "their knowledge of the applicability of their claims to members of the proposed

class."[1]  Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007).

Plaintiffs have thus made a "modest factual showing" that plaintiffs and potential class members were victims of a common scheme or plan that violated the law.  Id.; see Hoffmann v. Sbarro, Inc., 982 F. Supp. at 262.  Accordingly, plaintiffs' motion for certification of a collective action is granted.[2]

II.     Proposed Notice and Disclosure of Potential Class Members

Defendants object to plaintiffs' proposed class notice because it does not inform potential class members that they may be ineligible for overtime pay pursuant to the Motor Carrier Exception.  At least one court in this Circuit has explicitly rejected defendants' argument, see Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 60 (E.D.N.Y. 2011), and the Court finds defendants' argument unpersuasive.  Accordingly, plaintiffs' proposed class notice is approved.

Finally, plaintiffs' unopposed request for disclosure of the names and last-known addresses of all potential class members is granted.

---

[1]     For this reason, Mendoza v. Casa de Cambio Delgado, Inc., 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) – the case principally relied upon by defendants in their opposition – is inapposite. In Mendoza, the court denied certification because "not one Plaintiff affidavit purports a factual nexus with other putative employees of the [defendants]."  Id. at *2.  Here, plaintiffs' affidavits do not suffer from this deficiency.

[2]     Because the Court finds plaintiffs' affidavits are sufficient to demonstrate their entitlement to certification of a collective action, the Court need not consider the affidavit of non-party Edward J. Brady, III – another AAA employee who has since filed a "Consent to Become a Party Plaintiff Under the FLSA" – or defendants' application to strike Brady's affidavit.  Defendants' letter dated June 18, 2013, and plaintiffs' letter dated June 20, 2013, which address defendants' request to strike, will be docketed along with this memorandum decision.

## CONCLUSION

Plaintiffs' motion is GRANTED.

The Clerk is instructed to terminate the motion. (Doc. #20).

All counsel are directed to appear for a conference on September 23, 2013, at 11:30 a.m., at which time the Court will set a discovery schedule. Counsel shall confer and submit a proposed Civil Case Discovery Plan and Scheduling Order at the conference. (See Doc. #16).

Dated: August 9, 2013
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge