*Briccetti, J.*

RECEIVED
OCT 17 2013
CHAMBERS OF
VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

GUSTAVO CARDENAS, JUSTINO NARANJO
VARGAS, SALVATORE NARANJO VARGAS,
RUBIN NAVA, Individually and on behalf of other
persons similarly situated who were employed by
AAA CARTING and RUBBISH REMOVAL
CORP., and/or PASQUALE CARTALEMI and
PASQUALE CARTALEMI, JR., ANGELO
CARTALEMI, or any other entities affiliated with
or controlled by AAA CARTING and RUBBISH
REMOVAL CORP. and PASQUALE
CARTALEMI,

                               Plaintiffs,

                -against-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or
any other entities affiliated with or controlled by
AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI,
PASQUALE CARTALEMI, JR., and ANGELO
CARTALEMI, and JOHN DOE BONDING
COMPANIES 1-20, and John and Jane Does,

                           Defendants.

------------------------------------------------------------------- x

: Civil Action No.:12 Civ. 7178 (VLB)

: **STIPULATED CONFIDENTIALITY**
: **AGREEMENT AND PROTECTIVE**
: **ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/13

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

counsel, as follows:

    1.     This stipulation shall govern the treatment by Plaintiffs and Defendants AAA

Carting Rubbish and Removal Inc., Pasquale Cartalemi, Pasquale Cartalemi, Jr., Angelo

Cartalemi ("Defendants") of all documents and testimony reflecting or representing information

designated as "Confidential Information" and/or "Confidential – Attorneys Eyes Only" by the parties in this proceeding.

2.  "Confidential Information", as used herein, shall mean discovery material that the parties designates as meriting protection from disclosure pursuant to this Stipulation on the grounds that the material constitutes: (i) private information within the meaning of any Federal or New York State statute, rule or regulation; and (ii) business or financial records and communications that are not generally available to the public, including but not limited to, financial information, commercially sensitive information, proprietary financial, business strategy or business practices information, information required by law or by the Party's policies to be kept confidential, and/or trade secrets. Confidential Information includes, without limitation, information in electronic or written form or embodied in physical samples of materials.

3.  "Confidential – Attorneys Eyes Only" as used herein, shall mean discovery material that the parties designate as meriting protection from disclosure pursuant to this Stipulation on the grounds that the material is sensitive enough that its disclosure to certain parties could be injurious or detrimental to a party, and includes but is not limited to, employee lists and personal employee information (e.g. social security numbers). The parties agree that not all material produced will be marked as "Confidential – Attorneys Eyes Only" and that the designation will be used within the bounds of reasonableness. Nothing herein shall be construed to prevent counsel from displaying materials designated "Confidential – Attorneys Eyes Only" to the parties in connection with this action, including to others as set forth herein, however no party shall be provided copies of such materials nor shall they be permitted to take notes or summaries of same.

4.    Documents designated as "Confidential Information" or "Confidential – Attorneys Eyes Only" shall be maintained in confidence by the Receiving Party and may be used solely in connection with this action and shall not be used for any other purpose whatsoever.

5.    Absent prior written consent of either Party, "Confidential Information" may only be disclosed to:

     a.    the Parties to this action;

     b.    counsel employed and/or retained by a Party in connection with this action, or any employee of such counsel, including paralegals, secretaries or other support staff or agents assisting in connection with this action, to whom it is necessary that disclosure be made for the purposes of this litigation;

     c.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

     d.    any witness who counsel for Plaintiffs and/or Defendants in good faith believes may be called to testify at trial or deposition in this action, during the course of or to the extent necessary for, preparation for depositions or testimony in the action, but such witness may not thereafter retain Confidential Information;

     e.    any person not employed by a Party who is expressly retained or subpoenaed by a Party for the purposes of testifying or rendering assistance or providing expert opinions in this litigation who has signed an acknowledgment in the form attached as Schedule A that he or she has

read this stipulation and agrees to be bound by its terms, and only to the extent necessary for such person to perform his or her assigned task;

    f.    stenographers, court reporters, or video reporters engaged to transcribe depositions, trial or other hearings or proceedings before the Court that are conducted in this action;

    g.    the Court and its support personnel; and

    h.    any referee or mediator appointed by the Court in this action.

6.    Materials designated "Confidential – Attorneys Eyes Only" shall not be disclosed other than as provided in paragraph 3 herein, except by the prior written consent of the Disclosing Party or pursuant to further order of the Court, to any person or entity other than (i) attorneys of record for any party in this action, including their staff, (ii) officers of the court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, (iii) deposition, trial or potential fact or expert witnesses in this action and their counsel, provided that such persons execute the attached Non-Disclosure Agreement, (iv) independent experts and consultants retained by either party for purposes of assisting in this action provided that such persons execute the attached Non-Disclosure Agreement, and (v) litigation support vendors utilized by the parties in connection with this litigation provided that such vendors execute the attached Non-Disclosure Agreement.

7.    Plaintiffs and Defendants shall not use or disclose any "Confidential Information" or "Confidential – Attorneys Eyes Only" received in this action for any purpose other than in connection with this action.  The Parties agree that that such "Confidential Information" and "Confidential – Attorneys Eyes Only" shall not be provided to or otherwise disclosed to any person or entity, except as provided herein.

8.      The inadvertent disclosure by either Party or its counsel of "Confidential Information" or "Confidential – Attorneys Eyes Only" without designating it as such will not be deemed a waiver in whole or in part of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon prompt notice by the disclosing Party or its counsel that the information was inadvertently disclosed without its designation as Confidential or "Confidential – Attorneys Eyes Only", and should in fact be designated "Confidential Information" or "Confidential – Attorneys Eyes Only", the Discovery Material shall be deemed designated as "Confidential Information" or "Confidential – Attorneys Eyes Only" and treated as such.

9.      Likewise, the inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.  Upon receiving written notice from the Disclosing Party that the materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall, within fifteen (15) business days of receipt of such notice promptly return all such material and any copies made thereof, or destroy such material (and any copies that may have been made and may have been distributed) to the Disclosing Party.  Upon request by the Disclosing Party, the Receiving Party will confirm in writing that all such materials and any copies thereof have been destroyed or returned as provided in this paragraph. Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as they have been designated by the Disclosing Party.  Nothing stated herein shall limit the right of Plaintiffs and/or Defendants to challenge a claim of privilege or protection made pursuant to this paragraph.

## Objections to Designations

10.    If Receiving Party disagrees with the designation of Discovery Material as "Confidential Information" or "Confidential – Attorneys Eyes Only", the Receiving Party must provide written notice of its objection to counsel for the Disclosing Party within 20 days of receipt of such material. The parties will thereupon confer in good faith as to the proper status of such Discovery Material. Within twenty (20) business days of receipt of written notice of an objection to a designation of material as "Confidential Information" or "Confidential – Attorneys Eyes Only", the Disclosing party must respond in writing to indicate whether it agrees to reclassify the Discovery Material as having no protection. Failure to respond within 20 business days of the receipt of such notice by the Receiving Party objecting to the designation, shall be deemed a waiver on the part of the Disclosing Party and the Discovery Material will not be designated "Confidential Information" or "Confidential – Attorneys Eyes Only".

11.    If an agreement cannot be reached with regard to the reclassification of the Discovery Material, the objecting party may seek relief from the Court. The information shall be treated as "Confidential – Attorneys Eyes Only" until the Court rules otherwise.

12.    No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not act as a waiver of its right to make a subsequent attack on the propriety of such designation, nor shall such failure to challenge constitute an admission that any information is in fact confidential.

13.    Either Party may use "Confidential Information" or "Confidential – Attorneys Eyes Only" at trial. In the event "Confidential Information" or "Confidential – Attorneys Eyes Only" subject to this stipulation is submitted to the Court, the "Confidential Information" or "Confidential – Attorneys Eyes Only" shall be filed under seal with the permission of the Court,

unless upon notice the Disclosing Party waives this provision in writing with respect to specifically designated information. All papers to be sealed shall bear the following designation:

CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to the stipulation of the parties in the above-captioned action. This envelope shall not be opened or unsealed other than by a Judge or Magistrate Judge of this Court or at the Court's express direction, and its content shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this action.

If "Confidential Information" or "Confidential – Attorneys Eyes Only" is submitted under seal via ECF filing, then the Court's ECF event of "Sealed Document" shall be utilized for the submission of the "Confidential Information" or "Confidential – Attorneys Eyes Only". The Parties agree that "Confidential Information" or "Confidential – Attorneys Eyes Only" used at trial that is to be retained by the Court will be retained under seal.

14.     Should either Party wish to designate as "Confidential Information" or "Confidential – Attorneys Eyes Only" any deposition testimony or documents submitted as exhibits to depositions, it may do so on the record during the deposition, or, to the extent it fails to do so on the record, within 10 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the other Party. The designating Party shall be responsible for informing the court reporter in order to have those portions of the deposition transcript and exhibits designated as "Confidential Information" or "Confidential – Attorneys Eyes Only" appropriately marked and separately bound by the court reporter. The non-designating Party retains the right to object to the designation at any time.

15.     By making "Confidential Information" or "Confidential – Attorneys Eyes Only" available for use in this action, the Parties have not waived or compromised, nor shall any other Party contend that the Party producing such materials has waived or compromised, the confidentiality or protectability of the same, or the activities of which they are a part, or any processes, methods, techniques, operations, equipment, conclusions, insights, or results.

## Return or Destruction Of Designated Materials

16.     Upon the conclusion of this action (meaning all appeal periods have expired and/or any judgment has become final in the action and been satisfied), the Parties shall within sixty (60) days of the conclusion of this action either destroy all material designated as "Confidential Information" or "Confidential – Attorneys Eyes Only" and all copies thereof, or return all "Confidential Information" or "Confidential – Attorneys Eyes Only" and all copies thereof to the Disclosing Party.   If the Receiving Party elects to destroy such material, the Receiving Party shall send the Disclosing Party an appropriate certification indicating that the documents have been destroyed.

17.     Nothing in this stipulation shall be construed in any way to control the use, dissemination, publication, or disposition by any Party of documents or information received at any time by that Party outside the discovery process in this action.

18.     In the event a Party receives ("Receiving Party") a document demand, subpoena or other request, including court or administrative order, for production of documents or information that would include "Confidential Information" or "Confidential – Attorneys Eyes Only" (the "Request"), the Receiving Party upon whom the Request is served shall provide notice to the Disclosing Party within 5 business days, and provide Disclosing Party the opportunity to object and/or insist on confidentiality restrictions consistent with this stipulation at

Disclosing Party's expense.  However, unless the Disclosing Party, within 10 days of receipt of notice of the Request, serves an Order on the Receiving Party from the appropriate court or administrative body staying compliance with the Request, the documents and/or information requested in the Request may be produced notwithstanding this stipulation.

19.    This stipulation may be executed in counterparts, and each counterpart shall be deemed an original, and all counterparts taken together shall constitute one and the same document, which shall be binding and effective as to all Parties.  Facsimile copies of signatures herein shall constitute originals for all purposes.

20.    It is the intention of the parties that this stipulation shall be "so ordered" by the Court.

Dated: October 11, 2013

| MILMAN LABUDA LAW GROUP PLLC | ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. |
|---|---|
| By: /s/ | By: /s/ |
| Michael J. Mauro | Nicholas Caputo |
| 3000 Marcus Avenue, Suite 3W8 | 875 Third Avenue |
| Lake Success, NY  11042 | New York, New York 10022 |
| (516) 328-8899 | (212) 603-6300 |
| Attorney for Plaintiffs | Attorney for Defendants |

SO ORDERED:

Hon. Vincent L. Briccetti

Dated: October 17, 2013
White Plains, NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
GUSTAVO CARDENAS, JUSTINO NARANJO    :
VARGAS, SALVATORE NARANJO VARGAS,    :
RUBIN NAVA, Individually and on behalf of other    :   Civil Action No.:12 Civ. 7178 (VLB)
persons similarly situated who were employed by    :
AAA CARTING and RUBBISH REMOVAL    :
CORP., and/or PASQUALE CARTALEMI and    :
PASQUALE CARTALEMI, JR., ANGELO    :
CARTALEMI, or any other entities affiliated with    :
or controlled by AAA CARTING and RUBBISH    :
REMOVAL CORP. and PASQUALE    :   **NON-DISCLOSURE AGREEMENT**
CARTALEMI,    :
    :
                              Plaintiffs,    :
    :
                    -against-    :
    :
AAA CARTING and RUBBISH REMOVAL    :
CORP. and PASQUALE CARTALEMI and/or    :
PASQUALE CARTALEMI and PASQUALE    :
CARTALEMI, JR. and ANGELO CARTALEMI or    :
any other entities affiliated with or controlled by    :
AAA CARTING and RUBBISH REMOVAL    :
CORP. and PASQUALE CARTALEMI,    :
PASQUALE CARTALEMI, JR., and ANGELO    :
CARTALEMI, and JOHN DOE BONDING    :
COMPANIES 1-20, and John and Jane Does,    :
    :
                              Defendants.    :
-------------------------------------------------------------------- x

I, _____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential.  I agree that I will not disclose

such Confidential Discovery Material to anyone other than for purposes of this litigation and

that at the conclusion of the litigation I will return all discovery information to the Party or

attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____