UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly        Case No.: 12-CV-7178(VB)
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

                                Plaintiffs,

-v-

AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

                                Defendants.
-----------------------------------------------------------------------X


ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE
SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS
COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF
SETTLEMENT AND CLASS ACTION PROCEDURE

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval") (Docket No. 12 CV 7178)

## I. Preliminary Approval of Settlement

1. Based upon the Court's review of the Affirmation of Robert F. Milman ("Milman Affirmation"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release Agreement ("Settlement Agreement"), attached to the Milman Affirmation as Exhibit 1.

2. The Court concludes that notice to the class is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations.

4. The assistance of an experienced mediator, David J. Weisenfeld, reinforces that the Settlement Agreement is non-collusive.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

5. The Court conditionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

> all current and former employees of the Defendants who performed work for AAA Carting and Rubbish Removal Corp. during the period September 24, 2006 through March 30, 2013, excluding managers, supervisors, officers, executives, managerial or administrative personnel,

6. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

7.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 60 class members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

8.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Plaintiffs were properly classified as exempt under 29 U.S.C. §213(b)(1), and (b)(10).

9.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims.

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members.

11. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among class members.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

12. The Court appoints Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York, 11042 as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

13. Class Counsel did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. Class Counsel have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

IV. Class Notice

15. The Court approves the proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), which is attached as Exhibit 3 to the Affirmation of Robert F. Milman, and directs its distribution to the Class.

16. The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

17. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

19. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

V. Class Action Settlement Procedure

20. The Court hereby sets the following settlement procedure:

| | |
|---|---|
| 10 days after Preliminary Approval: ~~PROPOSED~~: May 11, 2015 | Mailing of Class Notice. |
| 45 days after date of first mailing of Class Notice: ~~PROPOSED~~: June 25, 2015 | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| 45 days after date of first mailing of Class Notice: ~~PROPOSED~~: June 25, 2015 | Last day for Class Members to qualify as a Class Claimant by filing claim forms to join Class Action settlement. |
| 60 days after date of first mailing of Class Notice: ~~PROPOSED~~: July 10, 2015 | Last day for filing and service of papers in support of final Settlement approval. |
| ~~July 20, 2015 11:00 AM~~ July 30, 2015 at 9:30 a.m. | Final Settlement approval hearing. |

It is so ORDERED this 29th day of April, 2015.

_____
Honorable Vincent L. Briccetti
United States District Judge