UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GUSTAVO CARDENAS, JUSTINO NARANJO VARGAS,
SALVATORE NARANJO VARGAS, RUBIN NAVA,
Individually and on behalf of other persons similarly        Case No.: 12-CV-7178(VB)
Situated who were employed by AAA CARTING
And RUBBISH REMOVAL CORP., and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR., ANGELO CARTALEMI, or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI,

                                        Plaintiffs,

-v-
AAA CARTING and RUBBISH REMOVAL
CORP. and PASQUALE CARTALEMI and/or
PASQUALE CARTALEMI and PASQUALE
CARTALEMI, JR. and ANGELO CARTALEMI or any
Other entities affiliated with or controlled by
AAA CARTING And RUBBISH REMOVAL CORP.
And PASQUALE CARTALEMI, PASQUALE
CARTALEMI, JR., And ANGELO CARTALEMI,
and JOHN DOE BONDING COMPANIES 1-20,
and John and Jane Does,

                                        Defendants.
------------------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/15

## FINAL ORDER APPROVING SETTLEMENT

1.    The parties have made application, pursuant to Rule 23(e), Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above entitled action ("the Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the

VB Affirmation of Robert F. Milman, dated July 17, 2015, and exhibits attached thereto; the Court has also considered the representations of all counsel made on the record on 7/30/15, as well as Court Exhibit 1;

2. On April 29, 2015, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the named plaintiffs and the class as defined in the proposed settlement agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

3. Counsel for Plaintiffs has advised that no written objections to the settlement have been received, in addition, no one appeared at the Fairness Hearing on July 30, 2015, to voice an objection or otherwise be heard to contest the settlement.

4. For the reasons stated on the record at the Fairness Hearing on 7/30/15, the proposed settlement is approved. This Court is satisfied that the proposed settlement in this action meets both the procedural and substantive fairness, and is fair, reasonable, and adequate.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this ORDER, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, The Court certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

all current and former employees of the Defendants who performed work for AAA Carting and Rubbish Removal Corp. during the period September 24, 2006 through March 30, 2013, excluding managers, supervisors, officers, executives, managerial or administrative personnel

FURTHER, that this Court hereby approves the settlement set forth in the settlement agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions.

FURTHER, that Plaintiffs and all other class members who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the settlement agreement. All such matters are hereby finally concluded, terminated and extinguished.

FURTHER, the Court approves the settlement of all claims brought under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute. All Claim Forms returned to Plaintiffs' Counsel, shall be filed with the Court by Plaintiffs' Counsel within five days of this Order.

FURTHER, that the notice given to the members of the class fully and accurately informed the members of the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the class complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that Plaintiffs' Counsel is directed to distribute settlement funds to the class members, including the Service Awards, all in accordance with the terms of the Settlement Agreement;

FURTHER, that the Clerk of the Court is directed to close Case 12-CV-7178.

ENTER:

_____
Honorable Vincent L. Briccetti
United States District Judge

Dated: 7/30/15